FILED
December 16, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

| | | |
|---|---|---|
| CHARLES N. DRAPER, | § | |
| | § | |
| *Appellant, Pro Se* | § | CAUSE NO. 03-15-00741-CV |
| | § | |
| V. | § | IN THE THIRD COURT |
| | § | OF APPEALS |
| | § | |
| GREG GUERNSEY, | § | |
| IN HIS CAPACITY AS DIRECTOR OF | § | at Austin, Texas |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN | § | |
| | § | |
| *Appellees.* | § | |
| | § | |
| | § | |

## Appellant's Brief

**Appellant, *Pro Se:***

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: (512) 699-2199
Email: cd@tejasland.com

**Appellee:**

*Greg Guernsey, in his Capacity
Director of Planning and
Development, Watershed
Protection Review Department,
and City of Austin*

Andralee Cain Lloyd,
Law Department,
Assistant City Attorney
City Hall, 301 West 2nd Street
PO Box 1546, Austin TX 78767-1546
Phone: (512) 974-2925
Fax: (512) 974-1311

RECEIVED
DEC 16 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ...............p.4

INDEX OF AUTHORITIES ...................p.5

STATEMENT OF CASE ...................p.6

PERMISSION TO APPEAL ...................p.6

STATEMENT ON ORAL ARGUMENT ...................p.7

**LGC §43.002 Continuation of Land Use,**

- Valid *Travis County Flood Hazard Permit* ..........(Exhibit C)........p.9
  - o Valid *Travis County Flood Hazard Permit* (**Permit #85-2558**); issued in 1985; prior to annexation.......................(*Affidavit*: R. Glasper)
  - o County permit has no expiration date, impervious cover, or height limitations.
  - o Property is exempt from Barton Creek Watershed Ordinance and Site development, per **Sec. 9-1-303(b)** .......p.8. (*Affidavit*: C. McClendon)

**CPRC §101.0215 (29) Governmental Liability,**

- Planning and Zoning .........p. 17, 18

  **Texas Tort Claims Act** not applicable. *intentional tort*
  - o *Meadours v. Ermel,* 483 F.3d (Fifth Circuit. 2007) .......p.18
  - o 'Proprietary function' v. 'Governmental function.........p.18
  - o Obstruction of civil process ...................p.18

**Texas Constitution Article I, §17(a)(160)(161)** ...................p.8

**Vested-Rights v. Inverse Condemnation** ...................p.7

ISSUES TO BE PRESENTED FOR REVIEW ...................p.9

- PAST HISTORY ...................p.11
- CURRENT HISTORY ...................p.13

STATEMENT OF ARGUMENTS .....................p.15

    **LGC §43.002 Continuation of Land Use,**

- Valid *Travis County Flood Hazard Permit*
  - **(Permit #85-2558)** issued in 1985; prior to annexation
  - Travis County permit was commercial without expiration date; impervious cover, or height limitations was the regulatory authority.
  - Property is exempt from Barton Creek Watershed Ordinance and Site development, per **Sec. 9-1-303(b)**

    **LGC §245.00-02 Uniformity of Requirements-** .....................p.16

- *Schumaker Enterprise v. City of Austin* ..............p. 9, 17, 20
- *Harper Park II v. City of Austin* ...................p. 9, 21

    **CPRC §101.0215 (29) Governmental Liability-** Zoning & Planning .....p.18

- *City of Houston v. Jenkins* ...p.18
- *Nueces Cty. v. Ferguson,* 97 S.W. 3d 205, 217 (Tex. App. Corpus Christi 2002
- *Edwards Aquifer v. Sheffield Dev. Co,* 369 S.W.3d at 838, 140 S.W.3d at 671

    **CPRC §41.011(a)(5)**

- Aggravated and Reprehensible Conduct ....................p.20

DAMAGES ....................p.20

- *Owen-Fiberglass Corp. v. Malone,* 972 S.W.2d 35, 40 (Tex. 1998) ..p.21

PRAYER ....p.21

CERTIFICATE OF SERVICE ...p.22

VERIFICATION

APPENDIX

1. *Plaintiff's No-Evidence Motion for Summary Judgment*

2. *Defendant's Response To Plaintiff's No-Evidence Motion for Summary Judgment, and Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence*

3. *Judge Charles Ramsay's Order,* November 12th, 2015

EXHIBITS:

AFFIDAVITS

    Plaintiff Affidavits:

Robert Glasper, Travis County Transportation and Natural Resources

Carl McClendon, McClendon and Associates

Jim Schissler, Jones & Carter, Engineer

Charles Draper, Tejasland & Commerce, Real Estate Broker

OTHER AUTORITIES:
Attorney General John Cornyn, October 19, 2001- "conveyance to different owner"
Attorney General Greg Abbott, December 10, 2012- "project duration"

NOTICE OF APPEAL

REGISTER OF THE COURT

## IDENTITY OF PARTIES & COUNSEL

**Appellant, *Pro Se:***

**Charles N. Draper**
**160 Maeves Way**
**Austin, Texas 78737**
**Phone: (512) 699-2199**
**Email: cd@tejasland.com**

**Appellee:**

*Greg Guernsey, in his Capacity*
*Director of Planning and*
*Development, Watershed*
*Protection Review Department,*
*and City of Austin*

**Andralee Cain Lloyd, Law Department,**
**Assistant City Attorney**
**City Hall, 301 West 2nd Street**
**PO Box 1546, Austin TX 78767-1546**
**Phone: (512) 974-2925**
**Fax: (512) 974-1311**

# INDEX OF AUTHORITIES

## STATUTES & CASE LAW

**Texas Local Government Code §245- Projects**

**Texas Government Code**
- **LGC Section §43.002-** Continuation of Land Use

- **LGC Section §245.00-02-** Projects. Permits, Uniformity of Requirements
  - *Harper Park II v. City of Austin* (App. 3 Dist. 2011) 359 S.W.3d 247
  - *Schumaker v. City of Austin*, 325. S.W.3d 812. 814-15 (Tex. App- Austin 2010)

**Texas Civil Practices & Remedies Code**
- **Rule §101.0215(29)-** Municipal Liability, Planning and Zoning
- **Rule §101.106 Restatement (2d) Torts Rule §895 D, Rule §2.2**
- **Rule §41.011(a)(5)-** Evidence to Exemplary damages
- **Rule §51.014(d)(1); Tex. CPRC Rule §168-** Controlling Question of Law

**Texas CPRC §101.001- Government- General Provisions**

- *City of Houston v. Jenkins*, 363 S.W.3d 808. 814 (Tex. App.-Houston [14th Dist.] 2012 pet. filed 4-30-12)......................................................................................p.18
- *Nueces Cty. v. Ferguson*, 97 S.W. 3d 205. 217 (Tex. App. Corpus Christi 2002)....p.18
- *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980) (????p.821COA).......p.18
- *Edwards Aquifer v. Sheffield Dev. Co*, 369 S.W.3d at 838. 140 S.W.3d at 671......p.19

**Texas Rules of Appeal Procedure**
- **Rule §28.1-** Accelerated Appeal
- **Rule §29.1, 2(b) –** Orders pending Interlocutory Appeal
- **Rule §39.1, (b)(c)**

## CONSTITUTION

**Texas Constitution Article I, §17(160)(161) –**

- Intent, Inverse condemnation **(160)** ...............p.12
  1. *Bass v. City of Dallas* (App. 7 District 2000) 34 S.W.3d 1
- Restriction on Use- **(161)** ...............p.12
  2. *Weingarten Realty Investors v. Albertson's*, (S.D. Tex. 1999) 66 F.Supp.2d, 825

## STATEMENT OF THE CASE

The nature of the case concerns Damages, Declaratory Judgment, and Summary Judgment, against the City of Austin, and their governmental employee, Greg Guernsey a city director, and Mr. Guernsey's liability for fraudulent misrepresentations, while acting in his capacity as *Director of Planning and Development Watershed Protection Review Department* in charge of the "coordinated branch of government". Guernsey engaged in "occupational discretion", utilized his "proprietary" function to intentionally, and knowingly aid and abet the subversion of State law; **Texas LGC§43.002-** *Continuation of Land Use,* and **Texas LGC§245.00-** *Project,* **Torts §876, Tex. CRPC Rule §101.0215(29)-** *Municipal Liability, Planning and Zoning* by denying Appellant's valid *Travis County Flood Hazard Permit,* thereby, adversely condemning Appellant's "vested-rights" without adequate compensation; thereby, violating **Texas Constitution Article I, §17(a)** - *Taking, Damaging, or Destroying Property for Public Use.*

## PERMISSION TO APPEAL

*Plaintiff's No-Evidence Motion for Summary Judgment* was filed on November 10th, 2015 in 419th Judicial District, Travis County.

Honorable Justice Charles Ramsay issued interlocutory Orders from the trial court on November 12, 2015.

Honorable Justice Charles Ramsay denied, *Plaintiff's No-Evidence Summary Judgment* motion and provided no legal basis in support of the Order. Justice Ramsay's Order was not supported by case law, and leaves an unresolved controlling question of law. **Rule CPRC§51.014(d)(1); TRCP Rule §168.**

Appellant seeks permission from the Third Court of Appeals to appeal these interlocutory orders, and causes of action.

If permission is granted, the appeal will be an accelerated appeal.

Additionally, Appellant requests an accelerated appeal based **TRAP Rule §28.1** Interlocutory Orders quo warranto. Appeal is based on State statue. Notice of Appeal has been filed with the trial court, and a Docking Statement has been filed with the Third Court of Appeals.

# STATEMENT OF THE ORAL ARGUMENTS

The Court should grant oral arguments for the following reasons:

1. The issues presented have not been authoritatively decided.
   *See* **Tex. R. App. P. 39.1(b).**
   a. The issue undecided concerns, Greg Guernsey in the 'coordinated branch of government' as *Director of Planning and Development Watershed Protection Review Department,* intentionally, breached his 'proprietary' duty, at his 'occupational discretion', failed to perform his governmental function with 'objective legal reasonableness', aided and abetted the subversion of his constitutional duty, when he denied Draper's valid *Travis County Flood Hazard Permit,* and 'vested-rights", issued prior to City Annexation; thereby, adversely condemning Draper property without adequate compensation. Appellants have produced no-evidence of 'agency' intervention, since 1985.

2. Oral arguments would give the court a more complete understanding of the facts presented in this appeal.
   *See* **Tex. R. App. P. 39.1(c).**
   a. In the evidence to be presented, Appellant would elaborate and expand the Court's understanding, that Appellee's actions are not an isolated event. Appellee's gross misrepresentations, sham-affidavits, breach of contracts, and obstruction of civil process by nature are so reprehensible, that Appellees' offend the public trust, and undermine public justice, equally are paramount to the Court's deliberations.


3. Oral arguments would allow the to better analyze the complicated legal issues presented in this appeal.
   *See* **Tex. R. App. P. 39.1(c).**
   a. Vested-Rights v. Inverse Condemnation-
      i. Conveyance does not diminish the rights of a subdivision.

7

ii. No ·project· alterations have been filed, or permitted: which changed the original intent.

iii. Appellant has never ·consented· or received compensation, consideration, or notice of conveyance of ·vested-rights·.

iv. City of Austin has the burden to indicate more ·narrow-use·.

v. City of Austin has no-evidence of intervention for thirty years.

vi. Travis County was the regulatory ·agency· at time of permit issuance.

vii. Travis County issued a permit **#85-2558,** August 1985.

viii. Commercial office project could have been built in 1985: therefore, ·vested-rights· should still exist today: without limitations on impervious cover, or height. **LGC§43.002, LGC § 245.002(a).**

ix. Property is zoned commercial, was rezoned December 2008, and is zoned VMU in Oak Hill's Neighborhood Plan, and FLUM.

x. According to the City, the property is located in the Barton Creek Watershed, simultaneously: the property is in the Williamson Creek flood plain. Explain (?)

xi. Property is exempt from Barton Creek Watershed Ordinance and Site development, per **Sec. 9-1-303(b)**

b. **Texas Constitution Article I, §17(a)** - *Taking, Damaging, or Destroying Property for Public Use*- No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless the consent of such person, and only if the taking, damage or destruction is for: **(1)** the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by: **(A)** the State, a political subdivision of the State, or public at large. **Article 1, 17 (160)-** To establish an inverse condemnation claim, a property owner must establish that (1) the State or other governmental entity intentionally performed a certain act (2) that resulted in the taking, damaging or destruction of the owner's property (3) for public use. *Bass v. City of Dallas.* **Article 1, 17 (161)-** An inverse condemnation, for which a owner is entitled to compensation under the Texas Constitution, may

8

occur when the government physically appropriated or invades the property or when unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development. *Weingarten Realty Investors v. Albertson's*

Oral arguments would significantly aid in deciding this case.

## ISSUES TO BE PRESENTED FOR REVIEW

**Issue 1:** Case law. State statue. nor the evidence supports the Orders. or findings of the trial court.

    *1.* **Texas LGC§43.002-** *Continuation of Land Use*

        (a) A municipality may not, after annexing an area, prohibit a person from:

            (1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time;

    *2.* **Texas LGC§245.00-** *Project*

        a. *Harper Park II v. City of Austin, Greg Guernsey, et al*

            • 'Vested-rights' are 'frozen'; not *'locked-in'* as alleged by defendants.

        b. *Schumaker Enterprises v. City of Austin.*

            • "Vested rights attach to a project once an application for the first permit required in completing the project is filed with municipality, or 'agency' responsible for regulating the subject property"; according to defendants. **(Defendants' Motion in Opposition to Plaintiff's No Evidence Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment. (Page 4 of 13, and page 5 of 13)**

    3. *Travis County Flood Hazard Permit* **#85-2558** does not expire according to **Section §105.5** *of the* **International Building Code***, alleged by Ms. Andralee Cain*

*Lloyd* (See, *City of Austin, and Greg Guernsey Response to Plaintiff's Motion for No-Evidence Summary Judgment (footnote[3], p.8 of 13))*.

    a.    Appellee's arguments are in direct conflict with the Texas statute; according Texas Attorney General Greg Abbott, who concluded; " *A court would likely conclude that the provisions about which you ask* (Project Duration) *are void because they conflict with Chapter §245 of the Local Government Code.*" (Other Authorities, Exhibit L)

4.    **Texas Constitution, Article 1, §17 (a), (160), (161)**

Appellees' actions, failed to comply with state statue and has 'taken, damaged, or destroyed for or applied to public use without adequate compensation being made' Appellant's property; resulting in damages for 96 (ninety-six) months for which appellant is entitled to economic compensation.

**Issue 2:**    The Honorable Justice Ramsay's trial court should granted *Plaintiff No-Evidence Summary Judgment Motion* based on:

- Justice Ramsay's Order prevented to materially advance the ultimate termination of litigation. **CPRC §51.014(d)(2)**
- In Plaintiff's *No-Evidence Motion for Summary Judgment*, plaintiff requested; **Alternative Relief.** Alternative Relief requested; "...*the court to sign an order specifying the facts that are established as a matter law and directing other proceedings as are just.* Tex. R. Civ. P. 166a(e)". Judge Ramsay failed to grant Alternative Relief, specifying the facts.
- Appellees have produced no-evidence appellant's property rights are not 'vested-rights'.
- On the contrary, Appellees emphasize: "*Vested rights attach to a project once an application for the first permit required in completing the project is filed with municipality, or 'agency' responsible for regulating the subject property*"; according to defendants. (**Defendants' Motion in Opposition to Plaintiff's No Evidence Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment. (Page 4 of 13, and page 5 of 13).**

- Appellant concurs. Travis County was the regulating `agency` at the time of permit issuance; `vested-rights` attach to a project once an application for first permit is filed, August 1985.

- In 1985 the project developer constructed 50 forty-foot piers.

- While the Appellees intervened, during *Schumaker* application process; asserting their legal authority, at no time have Appellees intervened (*ie.* red tagged) appellant's project in thirty years. Appellees cannot, today retroactively, assert a change in land-use regulations over `vested-right` entitlements.


**Issue 3:** Under Texas **CPRC Rule §101.0215(29)-** *Municipal Liability, Planning and Zoning*, employees of municipalities are libel for `intentional torts`.

Greg Guernsey imposed his `occupational discretion`, did not exercise `objective legal reasonableness`, when he `intentionally` denied appellant's valid *Travis County Permit*. **Rule §101.106 Restatement (2d) Torts Rule §895 D, Rule §2.2** *Proprietary Acts of Government.*

Instead Guernsey and the City of Austin chartered a course of abuse, to prevent the execution of civil process knowingly made false statements to prevent the performance of civil process. **Rule §41.011(a)(5)-** *Evidence to Exemplary Damages.*

- An owner is entitled to compensation under the Texas Constitution, when the government physically appropriated or invades the property or when unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development. *Weingarten Realty Investors v. Albertson's*


**Issue 4:** The brazen disregard, and disrespect the City of Austin, and their employees have exhibited, undermine the public trust.

1. Greg Guernsey, and City of Austin routinely exercise their occupational discretion and intentionally subvert state statues.


**PAST- CASE HISTORY**

11

## 6300-02 Highway 290 W *(6300Hwy290W)*

(<u>Authority opinion</u>: *McClendon & Associates (Pl. Exhibit A)*

1. <u>**Subdivision**</u>-

a. *6300Hwy290W*, a **2.357** acre tract. was "..Legally subdivided as Lots 10 and 11, Block 1, Town of Oak Hill, and recorded in the Travis County Deed Records on **December 16, 1872** (*Pl. Exhibit B*).

b. In 1982, the City of Austin adopted the *Barton Creek Watershed Ordinance*, however, legally subdivided land was exempt from the ordinance and site development standards per **Sec. 9-10-303(b)**. In short, a site development, or watershed development permit from the City of Austin was <u>not</u> required".

2. <u>**Site Development Permit**</u>: **issued August, 1985**-

a. "Travis County approved a site development or floodplain permit (*Pl. Exhibit C*) on August 9, 1985 for the *Patton Lane Office Building*, a three story office development. Although the original subdivision was platted in 1872, the site development permit represents the first in a series of permits for the project.    The Travis County Engineer's office stamped approved, and issue a permit number: **#85-2558** on August 9, 1985.  Construction commenced in 1985. Although construction was initiated and later paused due to economic conditions, the floodplain permit does not expire. The site included previously existing residential and commercial development from 1950's and 1970's, which did not require City or County permits when it was constructed. All of the development was outside the City and within the County's jurisdiction, prior to adoption of the *Barton Creek and Williamson Creek Ordinances*."

3.   <u>**Annexation**</u> **: City of Austin**-

a. "The *Patton Lane Office Building* was under construction when the City of Austin annexed the property for full purpose on December 30, 1985, and zoned the property Single-Family-2 (SF-2). Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for the existing commercial

development, which is an exemption from compliance with City's existing permit process per **LDC, Sec. 25-1-365.**

4. **Continued Progress-**

a. "The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 10, 1991, the City rezoned the property to Commercial Services- Conditional Overlay (CS-CO), **(Ord.#: 911010-B)**. Again on June 14, 1997, the landowner filed a related zoning request: which did not alter or change previous restrictions or provisions to the CS-CO zoning, **(C14-91-0027)**. It was approved by a 7-0 vote by city Council. In 2008, Draper filed for rezoning of the property to Commercial Services- Conditional Overlay- Neighborhood Plan (CS-CO-NP), **(Ord. #: 20090115-092)**, which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit. (*Pl. Exhibit D*).

## CURRENT- CASE HISTORY
### 6300-02 Highway 290 W *(6300Hwy290W)*

1. **Oak Hill Neighborhood Plan-**

a. On, or around the spring of 2006, the City of Austin initiated development of the *'Oak Hill Neighborhood Plan'*. OHNP. Draper participated as a board member of the *'Oak Hill Neighborhood Contact Team'*. OHNPCT. Concerned his property, potentially, could be down-zoned through the OHNP, Draper obtained legal counsel, through the law firm of *Munsch, Hardt, Kopf, & Harr*, representation provided by Robert Kleeman.

b. Mr. Kleeman conducted countless meetings and correspondence with Matt Hollon, Pat Murphy, Victoria Li, City of Austin *Watershed Protection, and Development Review Department*; none were able to produce conclusive evidence Draper's property

*6300Hwy290W* was not entitled to 'vested-rights' provisions as instructed by **LGC Chapters §43.002,** or **LGC §245.00.** (*Pl. Exhibit E,F*).

c. Consequently, through assistance of Mr. Kleeman, *and Munsch, Hardt, Kopf, & Harr,* Draper filed and obtained rezoning in December, 2008. (**Case No. C14-2008-0152**). Draper has perpetuated project completion throughout his ownership of *6300Hwy290W.*

2. **Site Plan: Fair-Notice-**

a. On the behalf of Draper, February 14, 2011, Jim Schissler, an engineer with *Jones & Carter*, submitted a *Site Plan Fair Notice and H.B. 1704/ Chapter 245 Determination* application for the *Patton Lane Office Building* project; located on the northeast corner of West U.S. Highway 290, and Patton Ranch Road in southwest Travis County. (*Pl. Exhibit G*).

b. Greg Guernsey, *City of Austin Planning and Development Watershed Protection and Review Department*, along with Susan Scallon, and the *Chapter 245 Determination Committeee*, intentionally, denied Draper's application. (*Pl. Exhibit F*). Scallon rejected Draper's application, for the reasoning: *"project complete"*. (*Pl. Exhibit F*). Greg Guernsey, Susan Scallon, and the *1704 Committee* at their *'occupational discretion'* made fraudulent misrepresentations, breached their duty, while aiding, abetting the subversion of State law; **LGC § 43.002-** *Continuation of Land Use.*

c. Throughout the course of 2011, and 2012, Draper sought clarification from the *1704 Committee*, denial. Draper had to go as far as appeal to the Texas' Attorney General's office, in order to mandate the City of Austin's compliance with the **Texas Open Records Act**; which the City asserted *"attorney/client"* privileges. (*Pl. Exhibit J*).

d. Draper employed *McClendon & Associates* in February of 2012. *McClendon & Associates* resubmitted Draper's *1704/Chapter 245 Determination* request; after records documenting the issuance of *Travis County Flood Hazard Permit*, and original architectural permits were uncovered on microfiche, through the Travis County

14

archives. Again. the *1704/ Chapter 245* "vested-rights" entitlements were denied without statutory support.

e. In attempt to exhaust his administrative appeal, on November 2, 2012, Draper met with City of Austin Council Member, Chris Riley, in attempt to amicably resolve the dispute. Council member Riley said: " *...it would require a Plan Amendment to S.O.S.; which requires a 'super-majority' of City Counsel...* ". Draper, respectfully, disagrees.

f. Draper contends, his property located at 6300-02 West Highway 290, has *"vested-rights"* under **Chapter §43.002** and 1704/**Chapter §245** of Texas' Local Government Code. Having exhausted his administrative appeal, Draper files the above-mentioned cause of action on March 4th, 2013.

## STATEMENT OF ARGUMENTS

Appellant, Charles Draper as a *Pro Se* litigant filed suit on March 4th 2013, against *Greg Guernsey in his Capacity of Director of Planning and Development Watershed Protection and Review Department, and City of Austin*, Appellees.

Having exhausted his administrative appeal, Appellant filed suit the 419th District Court to compel the City of Austin to comply with State statutes, through the enforcement provision **Tex. LGC Chapters§43.002**, and **§245**. Enforcement of **Chapter §245.006** may be provided "*through mandamus, declaratory or injunctive relief*".

Under **CPRC Rule §43.002** *Continuation of Land Use*- Appellant contends, the valid commercial Travis County Flood Hazard Permit #85-2558, which had no expiration date, no impervious cover, or height limitation was designed to host office/banking services. CS zoning, in August 1985. The Appellees have produced no-evidence of intervention in 1985, or subsequent intervention following annexation. Therefore, Appellant rights were vested, when the permit was issued. Appellees cannot, retroactively, imposes new land-use limitations.

15

Under **CPRC Rule §245.02,** *Uniformity of Requirements,* states; "a regulatory

approval of a application...for a permit solely (based) on regulations...in effect at that time".

(*See. Harper Park II v. City of Austin*).

Appellant is entitled to compensation. **Article 1, 17 (161)**- An inverse condemnation.

for which a owner is entitled to compensation under the Texas Constitution. may occur when

the government physically appropriated or invades the property or when unreasonably

interferes with the landowner's right to use and enjoy the property. such as by restricting

access or denying a permit for development. *Weingarten Realty Investors v. Albertson's*

## Hearing: No-Evidence Summary Judgment

In *City of Austin, and Greg Guernsey Response to Plaintiff's Motion for No-Evidence*

*Summary Judgment,* Appellees assert hearsay;

- Alleged by Appellees attorney. Ms. Andralee Cain Lloyd; *"An application filed with*

  *one agency does not provide "fair notice" to another agency and is thus not sufficient*

  *to establish vested rights from that agency's regulations. Schumaker.* 325 S.W. 3d at

  815." *(See. City of Austin, and Greg Guernsey Response to Plaintiff's Motion for No-*

  *Evidence Summary Judgment (footnote[3]. p.5 of 13)).*

  o Wrong. Unlike *Schumaker.* who was in the application process. Appelleant

    'vested-rights' were granted upon filing 'first permit in a series of permits'.

    Appellant's 'vested-rights" existed prior to City of Austin annexation; which

    rights are protected under **Chapter §43.002.**

  o Additionally, *"Under Chapter 245 of the local development code, once an*

    *application for the first permit required to complete a property-development*

    *'project' is filed with the municipality or other agency that regulates such use*

16

*of the property, the agency's regulation applicable to the "project" are effectively "frozen" in their then-current state and the agency is prohibited from enforcing subsequent regulatory changes to further restrict the property use ".* See TEX. GOV'T COCE Ann. 245.001-.007 (West 2005) *Schumaker Enters. Inc. v. City of Austin.* 325., S.W. 3d 812, 814-5 & n.5 (Tex. App-Austin 2010. no pet.)

Furthermore, in *City of Austin, and Greg Guernsey Response to Plaintiff's Motion for No-Evidence Summary Judgment (footnote [3] page 8 of 13)* Appellees assert; "*...If the Travis County development permit is regarded as the first permit application for the project, it appears that a prior owner may have constructed 50 piers on the Plaintiff's property in accordance with that permit before construction was halted for financial reasons and the permit expired [3].* ([3] According to Travis County Development Services, and *Section §105.5 of the International Building Code*, a permit becomes invalid and expires if no work commences after 180 days from the date of issuance, or work authorized).

Nonsense. In Appellant's *Plaintiff's First Amended Petition,* Attorney General Greg Abbott issued an opinion on December 10. 2012 on **LGC §245**- "project duration ordinance" *(Exhibit L).* In summary, the Attorney General concluded; " *A court would likely conclude that the Ordinance provisions about which you ask are void because they conflict with Chapter §245 of the Local Government Code.* "

Perhaps, Appellees should reserve their defenses for an "international court" of law.

## Tex. Government General Provisions:

While appellant could argue the wanton reckless behavior of the appellees. the argument would only distract from the foundational issues. vested-rights. Therefore, appelleant will refrain from legal and ethical issues addressed in appellees response to Fraudulent Misrepresentation, Breech of Contract, and Preventing the Execution of Civil Process, all recorded in previous testimony.


## Governmental Liability CPRC Rule §101.0215(29)

**CPRC Rule §101.0215(29),** *Liability of a Municipality,* whereby, Greg Guernsey in his capacity as Director of Planning and Development. habitually and 'intentionally', made fraudulent misrepresentations. misconstrued the Legislature's intent, taking an 'narrow' view of Chapters **§245,** ignored **§ 43.002** at his 'occupational discretion' failed to comply with State law, while engaged in his 'proprietary' special-authority, 'intentionally', denied Plaintiff's 'vested rights' application. The Fifth Circuit held **Section 101.106** did not apply to intentional tort claims". *Meadours v. Ermel,* 483, F.3d (Fifth Cir. 2007). *Id* at 424. , (Exhibits H. I. J)

Under **CPRC Rule §101.0215(29)** *Liability of a Municipality,* a municipality is liable under this chapter for damages arising from it's governmental functions **(29)** *zoning and planning.* "A governmental employee is entitled to official immunity for good-faith performance of the discretionary duties within the scope of the employee's authority. [I]f the duty is imposed by law, then the performance of the duty is a ministerial act, and there is no immunity for failure to perform it." *City of Houston v. Jenkins,* 363 S.W.3d 808, 814 (Tex. App.-Houston [14th Dist.] 2012 pet. filed 4-30-12). Greg Guernsey failed to perform his duty in approval of Plaintiff 'vested-rights' Chp. 245 Fair-Notice Application. (Exhibit F).

18

Sovereign immunity does not bar suit that alleges a violation of a self-enacting state constitutional provision. *Nueces Cty. v. Ferguson*, 97 S.W.3d, 205, 217 (Tex. App- Corpus Christi 2002, no pet). A constitutional provision is self-enacting when it supplies rules sufficient to protect the rights given or to permit the enforcement of the duty imposed. *Steele v. City Of Houston*, 603 S.W.3d 795, 803 (Tex App. Amarillo 2002, pet. denied).

Other factors the court must consider, what the property owner's reasonable expectations were in the property (See. *Edwards*). A per se regulatory taking occurs when the regulation requires the property owner to suffer a physical invasion of her property. *Edwards Aquifer v. Sheffield Dev.Co.*, 369 S.W.3d at 838, 140 S.W.3d at 671.

## Aggregated and Reprehensible conduct

Greg Guernsey has been named in the suit, acting in his capacity as *Director of Planning and Development Watershed Protection*, 'the coordinate branch of government', for his 'occupational discretion'; and intentional breach of duty, acting in his 'proprietary' capacity as special-authority in the implementation of **CPRC §101.0215 (29)** Planning and Zoning, and Chapters **§245,** and **§43.002.**

Greg Guernsey did not act in good faith. Either in committee, or in his individual capacity as *Director of Planning and Development Watershed Protection*, Guernsey, intentionally, denied Appellant's valid 'vested-rights' development entitlements. Case law precedent established Greg Guernsey in several additional suits for failure to comply with **Chapters §43.002 §245, §312.00** in his official capacity; more specifically, he was named as a Defendant in *Harper Park II v. Greg Guernsey in his capacity as Director of Planning, and Watershed Protection, and the City of Austin. (Plaintiff's Org. Pet. Exhibit L)*. Historical evidence points to Greg Guernsey blatant disregard for the law.

19

# DAMAGES

Given the egregious, and reprehensible nature of Greg Guernsey's and the City of Austin's wanton disregard of State law, and given the City's practices are not an isolated event. Defendants' actions were committed, knowingly and intentionally, and therefore Appellant seeks to recover actual economic damages, and compensatory damages, he has suffered.

As evidenced in Plaintiff's letter to Greg Guernsey, (dated: September, 2011), ; "...*As a consequence of your un-relented position, I have experienced economic hardship, economic loss, and inability to rent my property, or generate economic rent from my investment...*". (*Exhibit J*).

## Compensatory Damages – Economic relief

Further, Draper evidenced his complaint of economic damages. On June 15th, 2013, Draper filed, *Plaintiff's Response to Defendant's Request for Disclosure*; which was in compliance of TRCP 197. Record Excerpt:

> **City of Austin: Pursuant to Rule 194.2(d), provide the amount and method of calculating all economic damages which you seek to recover in this cause.**
>
> **Draper's Response:**
> Correspondence between Draper's attorney, Robert Kleeman, Matt Hollon, Victoria Li, and Pat Murphy, reflect Draper contentions, he sought clarity on *Patton Lane JV* valid permit in accordance with *1704/Chp. 245* TX LGC ( 01/18/2008, *Pl. Exhibit E*).
>
> Assuming the City of Austin would have complied with State law, Draper contends, a tilt-wall construction project could have been completed within one year. Consequently, Draper has been denied four (*eight) years of economic rent. Had Draper developed the bare minimum foot print issued by the Travis County permit, he could have constructed 43,509 sq. ft. building (*Pl. Exhibit C*)
>
> The 43,509 sq. foot print times, the Southwest Austin market office rate of $24.00 p.s.f, equals $4,524,936.00, lost economic rent through June 20, 2013.

Under **TRCP Rule 193.5,** Draper amended and supplemented his response with an *Affidavit* on February 18th, 2014, which was validated in *Oxford Commercial Market Office Snapshot* . The market rate for Southwest Austin is **$31.81**, not **$24.00** p.s.f ; from previous response. *(See, Affidavits)*

Appellant amended his *Economic Loss*: Ninety-four (96) months x (times) $2.65 ($31.81/12. S.W. monthly office rental) per month p.s.f. x (times) 43.509 sq.ft. (original building size) = (equals) **$11,068,690.00**, through January 2016.

## Total Compensatory Damages

Appellant requests total compensatory damages **$11,068,690.00,** as of January 2016

## PRAYER

In conclusion, Appellant has experienced, wanton reckless behavior from an intentionally abusive non-compliant municipality, under the subdivision of Texas State's mandated authority; which undermines the public trust. Appellant prays the Third Court will reverse Interlocutory Order issued by Justice Ramsay, and issue compensatory damages, declaratory relief, alternative relief, and summary judgment in favor of the appellant.

Equally, Appellant prays the Third Court will grant Appellant's compensatory, economic damages for **$11,068,690.00.** An owner is entitled to compensation under the Texas Constitution, may occur when the government physically appropriated or invades the property or when unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development, *Weingarten Realty Investors v. Albertson's.* While appellant is entitled to exemplary damages for the aggravated, reprehensible, and malicious conduct of the Appellees, **Rule §41.011(a)(5)**- Evidence to Exemplary damages.

21

Appellant has compassion for the additional victims in the charade, the City of Austin taxpayer, who will bear the ultimate expense.

Additionally, Appellant prays the Third Court will acknowledge Appellant 'vested-rights'; recognizing Travis County's Flood Hazard Permit was the first permit in a series of permits, and grant Appellant "vested-rights protections, entitled to develop, office, or any other commercial use consistent with rules regulations, and ordinances in effect at the time of initial permit application; "project" was "commercial" development and was not limited to office building or other specific type of "commercial" development", *Harper Park II v. Greg Guernsey, in his capacity Director of Planning and Development Watershed Protection Review Department*, S.W.3d (App. 3 Dist. 2011), 359, S.W. 3d 247.

Respectfully submitted,

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2015, a true and correct copy of the foregoing *Appellant's Brief*, was sent by certified mail, return receipt request to Andralee Cain Lloyd, *Austin Law Department*, City Hall, 301 West 2nd Street, P.O. Box 1546, Austin, Texas 78767-1546

Andralee Cain Lloyd, Assistant City Attorney
Law Department, City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2925

Certificate of Service #
7015 1520 0001 4321 3289
US Postal Service

# VERIFICATION

THE STATE OF TEXAS      §
                              §

COUNTY OF TRAVIS      §

            BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Chares N. Draper. who, being by me first duly sworn, and deposed as follows:

            "My name is Charles N. Draper. I am over the age of 21 years, and I am fully competent to make this verification. I have read the foregoing Appellant's Brief, *Charles N. Draper v. Greg Guernsey, in his Capacity Director of Planning and Development Watershed Protection Review Department, and the City of Austin.* All of the allegations contained in the petition are within my personal knowledge, and true and correct."

_Charles N. Draper_

Charles N. Draper

SUBSCRIBED AND SWORN TO BEFORE ME on the date 15 day of December, 2015

Notary Public, State Texas

6/14/2017

Notary Expiration date

SEAN JESSE CROW
My Commission Expires
June 14, 2017

# APPENDIX

# IN THE DISTRICT COURT OF
# TRAVIS COUNTY, TEXAS
# 419th JUDICIAL DISTRICT

Filed in The District Court
of Travis County, Texas

OCT 15 2015

At_____11:35_____b M.
Velva L. Price, District Clerk

CHARLES N. DRAPER,

§
§
§
§

Plaintiff, Pro *Se*

§

V.

§

CAUSE NO. D-1GN-13-000778

§
§

GREG GUERNSEY,
IN HIS CAPACITY AS DIRECTOR OF
PLANNING AND DEVELOPMENT
WATERSHED PROTECTION
REVIEW DEPARTMENT,
AND CITY OF AUSTIN

§
§
§
§
§
§
§

Defendants.

§
§

---

## PLAINTIFF'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

---

Plaintiff. Charles N. Draper. ask the Court to sign a summary judgment under **Texas Rules of Civil Procedure Rule §166(a), and (e)** on plaintiff's cause of action. against defendants. Greg Guernsey. and City of Austin. under **Tex. CRPC Rule §101.0215 (29),** *Municipal Liability. Planning and Zoning.* and **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking. Intent. Inverse Condemnation. Restriction of land use.*

Plaintiff. Charles Draper. sued defendants. Greg Guernsey in his official capacity as *Director of Planning and Watershed Protection Review Department.* and the City of Austin for intentional torts and failure to conduct their municipal duties under **Tex. CRPC Rule §101.0215 (29),** *Municipal Liability. Planning and Zoning.*

Repeatedly. Greg Guernsey and his staff have habitually. and intentionally. made fraudulent misrepresentations. misconstrued legislative intent. taking a 'narrow view' of Chapter **Rule §245,** while ignoring **Rule §43.002.** Defendants. Greg Guernsey. and the City of Austin in their 'occupational discretion failed to comply with State law. engaged in 'proprietary' special authority. intentionally denied plaintiff's 'vested-rights'. Texas Third Court of Appeal affirmed plaintiff's claims. The *Texas Tort Claims Act* grants no immunity. under **Tex. CRPC §101.106(a) and (e).** *Meadours v. Ermel.* 483. F.3d (Fifth Cir.2007). *Id* at 424.

## SUMMARY JUDGEMENT EVIDENCE

To support the facts in this motion. plaintiff offers the following summary judgment evidence attached to this motion incorporates the evidence into this motion by reference.

Exhibit 1: *Travis County Flood Hazard Permit #85-2558*: issued August 9th. 1985. prior to city annexation.

Exhibit 2: Patton Lane- Architectural Bldg. plans filed with Travis County. August 5th. 1984

Exhibit 3: Email correspondence between Atty. Robert Kleeman and City of Austin *Watershed Protection and Development Review Dept.*: Pat Murphy and Matt Hollon. January 18th. 2008

Exhibit 4: Letter of correspondence between Atty. Robert Kleeman and City of Austin's *Director of Watershed Protection and Development Review Department.* Victoria Li. July 22. 2008

Exhibit 5: Jones & Carter. Jim Schissler's letter in support of *Patton Lane Project Application H.B. 1704 Chapter 245 Determination.* February 15th 2011

Exhibit 6: *Patton Lane Project Application H.B. 1704 Chapter 245 Determination.* February 15th 2011

Exhibit 7: First letter of denial: City of Austin's Greg Guernsey. *Director Planning & Development Review Department.* May 13th. 2011

Exhibit 8: Second letter of denial: City of Austin's Greg Guernsey. *Director Planning & Development Review Department.* September 23rd. 2011

Exhibit 9:     Letter of clarification: Charles Draper. Tejasland & Commerce to City of Austin's Greg Guernsey. *Director Planning & Development Review Department*. September 29[h], 2011

Exhibit 10:    McClendon & Associates Resubmission. letter of correspondence Carl McClendon to City of Austin's Greg Guernsey. *Director Planning & Development Review Department*. July 16th, 2012

Exhibit 11:    Third letter of denial: City of Austin's Greg Guernsey. *Director Planning & Development Review Department*. September 21st, 2012

Exhibit 12:    Texas Third Court of Appeals. Austin Division reversal of District Court Order. *Cause No*. 03-14- 00265-CV. February 25, 2015

Exhibit 13:    Cushman Wakefield/Oxford Austin commercial office report Q4/2013

## PLAINTIFF'S CAUSES OF ACTION

**Texas CRPC Rule §101.0215 (29),** *Municipal Liability. Planning and Zoning*. and **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking. Intent. Inverse Condemnation. Restriction of land use*

To succeed on a traditional motion for summary judgment on its cause of action. the plaintiff must show that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann. Frankfort, Stein & Lipp Advisors. Inc v. Fielding*. 289 S.W. 3d 844. 848 (Tex. 2009).; *Nixon v. Mr. Prop. Management Co.*, 690 S.W. 2d 546. 548 (Tex. 1985). To meet this burden. the plaintiff must conclusively prove all the elements of its claim. *MMP. Ltd. V. Jones*. 170 S.W. 2d 59. 60 (Tex. 1986). A matter is conclusively established if reasonable people could not differ on the conclusion to be drawn from the evidence. *City of Keller v. Wilson*. 168 S.W. 3d 802. 816 (Tex. 2005). If the plaintiff establishes its right to summary judgment as a matter of law. the burden shifts to the defendant to present evidence that raises a genuine issue of material fact. *Bourdreau v. Fed. Trust Bank*. 115 S.W. 3d 740. 743 (Tex. App. – Dallas 2003. pet. denied)

Plaintiff is entitled to summary judgment on his causes of action for **Texas CRPC Rule §101.0215 (29),** *Municipal Liability. Planning and Zoning*. and **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking. Intent. Inverse Condemnation. Restriction of land use*. because the undisputed facts in this case and

plaintiff's summary judgment evidence conclusively establish each essential element. The essential elements of the plaintiff's cause of action for **Texas CRPC Rule §101.0215 (29)**, *Municipal Liability, Planning and Zoning* are the following:

Under **Texas CRPC Rule §101.0215 (29)**, employees of municipalities are libel for 'intentional torts'. Plaintiff's *Exhibits 7, 8, 9, & 11*, evidence Greg Guernsey failure to exercise "objective legal reasonableness" by imposing "occupational discretion", while operating in his proprietary capacity, denied plaintiff's valid *Travis County Flood hazard Permit #85-2558*.

**Case law-** "Determining a municipality's immunity from suit is a two-step inquiry. First we determine whether the function is governmental or proprietary." *Texas Bay Cherry Hill, L.P. City of Fort Worth* 257 S.W.3d 379, 389 (Tex.App- Forth Worth 2008, no pet.)

    i. Greg Guernsey at his 'occupational discretion' preformed a 'proprietary' function and denied plaintiff's vested-rights, without just-cause.

    ii. To prove immunity the defendants must establish, defendants acted in 'good faith'. The element of good faith is generally pivotal issue in official immunity.

**Case law-**"The courts measure 'good faith' in official–immunity cases by the standard of "objective legal reasonableness". *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466.

'Under the standard, a defendant acts in 'good faith', if a reasonably prudent official under the same circumstances could have believed that the official action was justified based on the information possessed when the conduct occurred." *Joe v. Two Thirty Nine Jt. V* 145S.W.3d 150, 164

**Case law-** "[I]f the duty is imposed by law, then the performance of the duty is a ministerial act, and there is no immunity for failure perform it." *City of Houston v. Jenkins*, 363 S.W.3d 808, 814 (Tex.App-Houston [14th dist.] 2012 pet.

    iii. Greg Guernsey in his official capacity as *Director Planning & Development Review Department* has a ministerial duty to uphold constitutional provisions designated by the legislature.

**Case law-**"A constitutional provision is self-enacting when it supplies rules sufficient to protect the rights given or to permit enforcement of a duty

imposed. *Steele v. City of Houston*. 603 S.W.3d 795. 803 (Tex.App-Amarillo 2002. pet. denied)

## CONSTITUTIONAL PROVISIONS

Greg Guernsey failed to perform his ministerial duty. upholding legislative intent. a self-enacted constitutional provision. Instead. Defendants charted a maligned course. failed to exercise "objective legal reasonableness". failed to act in 'good faith'. and pursued 'narrow' interpretation of **Chapters §43.002, and §245.002.**

**Tex. LGC §43.002- Continuation of Land Use-**(a) "A municipality may not. after annexing an area. prohibit a person from: (1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time".

**Tex. LGC § 245.002- Uniformity of Requirements** (a) Each regulatory agency shall consider the approval. disapproval. or conditional approval of an application for a permit solely on the basis of any orders. regulations. ordinances. rules. expiration dates. or other properly adopted requirements in effect at the time"

On August 5th. 1984. when *Espy. Huston. & Associates* site plan permit was submitted. Travis County had no expirations or limitation on development permits. Greg Guernsey retro-actively at his occupational discretion. defied constitutional provisions protecting vested-rights. and exercised proprietary prejudice. and denied plaintiff valid development permit. Guernsey has produced no-evidence in support of denial.

a. **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking. Intent. Inverse Condemnation. Restriction of land use-* - No person's property shall be taken, damaged. or destroyed for or applied to public use without adequate compensation being made. unless the consent of such person. and only if the taking. damage or destruction is for: **(1)** the ownership. use. and enjoyment of the property. notwithstanding an incidental use. by: **(A)** the State. a political subdivision of the State. or public at large.

b. **Article 1, 17 (160)-** To establish an inverse condemnation claim. a property owner must establish that (1) the State or other governmental entity intentionally performed a certain act (2) that resulted in the taking. damaging or destruction of the owner's property (3) for public use. *Bass v. City of Dallas.*

c. **Article 1, 17 (161)**- An inverse condemnation. for which a owner is entitled to compensation under the Texas Constitution. may occur when the government physically appropriated or invades the property or when unreasonably interferes with the landowner's right to use and enjoy the property. such as by restricting access or denying a permit for development. *Weingarten Realty Investors v. Albertson's*

## ADAQUATE TIME FOR DISCOVERY HAS PASSED

Plaintiff is entitled to a no-evidence summary judgment on defendants' failure to produce evidence in support of their denial. because defendants have had adequate time to produce discovery. To determine whether adequate time for discovery has passed. courts consider the following nonexclusive factors: (1) the nature of the suit. (2) the evidence necessary to convert the motion. (3) the length of time the case has been on file. (4) the length of time the motion has been on file. (5) the amount of discovery already taken place. (6) whether the movant requested stricter deadlines of discovery that has already taken place. (7) whether discovery deadlines in place were specific or vague. *Cmty. Initiatives, Inc v. Chase Bank*. 153. S.W.3d 270. 278 (Tex. App-El Paso 2004. no pet.) *Rest. Teams Int'l. v. MG Se. Corp.*. 95 S.W.3d 336. 339 (Tex. App. Dallas. 2002. no pet.): *Martinez v. City of San Antonio*. 40 S.W.3d 587. 591 (Tex. App-San Antonio 2001. pet denied).

Defendants have had adequate time to perfect discovery. Plaintiff responded to Defendants requests for *Admission, Documents Production, and Disclosure;* on June 15th. 2013. almost two and a half years ago.

## DAMAGES

The damages for plaintiff's cause of action are liquidated. Based on the facts stated in this motion and supported by summary judgment evidence. plaintiff is entitled to damages in the mount of $10.610.000.00 (*Ten million. six hundred ten thousand*).

**CPRC § 101.0215 – Liability of a Municipality**- "a municipality is liable under this chapter for damages arising from it's governmental functions. which are those functions that are enjoined on the municipality and are given it by the States as part of the State sovereignty to be exercised by the municipality in interest of the general public. including but not limited to: (29) zoning. planning and plat approval."

On June 15th, 2013, Draper filed, *Plaintiff's Response to Defendant's Request for Disclosure*.

Record Excerpt:

**City of Austin: Pursuant to Rule 194.2(d), provide the amount and method of calculating all economic damages which you seek to recover in this cause.**

**Draper's (2013) Response:**

Correspondence between Draper's attorney, Robert Kleeman, Matt Hollon, Victoria Li, and Pat Murphy, reflect Draper contentions, he sought clarity on *Patton Lane JV* valid permit in accordance with *1704 Chp. 245* TX LGC (*Pl. Exhibit E*).

Consequently, Draper has been denied over six years of economic rent. Had Draper developed the bare minimum foot print issued by the Travis County permit he could have constructed 43,509 sq. ft. building (*Pl. Exhibit C*)

*The 43,509 sq. foot print times, the Southwest Austin market office rate of $24.00 p.s.f. equals $4,524,936.00, lost economic rent through June 20, 2013.*

*Exhibit 13*, **Cushman Wakefield/ Oxford Commercial Report** for the Fourth Quarter of 2013, more correctly, reports: Office rents for Austin's Southwest market place are $31.81 psf; not $24.00 psf.

## COMPENSATORY DAMAGES

Southwest market rent at $31.81 p.s.f (times), *Patton Lane JV* building foot print of 43,509 sf.: equals $1,384,021.29 in economic losses per year (or, $115,335.108 per month). Given plaintiff's emails have sought clarification from Directors of Austin's *Watershed Protection, and Development Review Department* for the City of Austin, since January 18th, 2008: plaintiff is entitled to seven years and eight months, (92 months of economic loss). Ninety-two month (times) the Austin Southwest monthly market rate ($2.65 x 43,509 = $115,335.108), ($115,335.108 monthly rate x 92 months) = $10,610,830.00.

## DECLARATORY RELIEF

In addition to damages on economic loss, plaintiff requests a Court Order for declaratory relief, an order to compel defendant's compliance, acknowledging plaintiff's *Project Application HB 1704 Chp. 245 Determination* claims of vested-rights are valid.

## ALTERNATIVE RELIEF

In the alternative. if the court denies any part of plaintiff's motion for summary judgment. plaintiff asks the Court to sign an order specifying the facts that are established as a matter of law and directing any further proceedings as are just. Tex. R. Civ. P. 166a(e).

## CONCLUSION

Plaintiff is entitled to summary judgment on his causes of action for **Texas CRPC Rule §101.0215 (29)**, *Municipal Liability. Planning and Zoning.* and **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking. Intent. Inverse Condemnation. Restriction of land use.* because the undisputed facts in this case and plaintiff's summary judgment evidence conclusively establish each essential element. The City of Austin's *Watershed Protection & Development Review Department.* and Greg Guernsey. it's executive director. has habitually. failed to operate in "good-faith". Austin's *Watershed Protection & Development Review Department.* and Greg Guernsey as evidenced. intentionally used proprietary discretion. acted with malice. failed to perform their ministerial duty: to exercise "objective legal reasonableness" in their interpretation of Tex. **LGC §43, §245.** Defendants' actions resulted in physical taking of plaintiff's vested-rights under **Texas Constitution, Article 1, §17 (a), (160), (161).**

## PRAYER

Therefore. plaintiff. Draper requests relief from the Court. an Order signed for final *No-Evidence Summary Judgment. Compensatory Damages.* and *Declaratory Relief* on Draper's *1704 Chapter 245 Application.* acknowledge. Draper's permit is valid. and current: entitling Draper to proceed towards "project completion"

As provided under **LGC §43, §245** of the Tex. Local Gov't Code. grant Draper's... "vested-rights protections. was entitled to develop..... office. or any other commercial use consistent with rules. regulations. and ordinances in effect at time of initial permit application...."project" was "commercial" development. as defined under then-applicable ordinances. and was not limited to office building or other specific type of "commercial" development....".. *Harper Park II v. Greg Guernsey. in his capacity Director of Planning and*

*Development Watershed Protection Review Department.* S.W.3d (App. 3 Dist. 2011). 359. S.W. 3d 247.

Respectfully submitted.

*Charles N. Draper*

Charles N. Draper
160 Maeves Way
Austin. Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10. 2015. a true and correct copy of the foregoing *Appellant's Brief.* was sent by certified mail. return receipt request to Sandra Kim. *Austin Law Department.* City Hall. 301 West 2nd Street. P.O. Box 1546. Austin. Texas 78767-1546

Sandra Kim. Assistant City Attorney
Law Department. City of Austin
City Hall. 301 West 2nd Street
P.O. Box 1546
Austin. Texas 78767-1546
(512) 974-2925

CAUSE NO. D-1-GN-13-000778

| CHARLES N. DRAPER, | § | IN THE DISTRICT COURT |
| Plaintiff *Pro Se*, | § | |
| | § | |
| v. | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

COMES NOW, City of Austin and Greg Guernsey ("Defendants") file its Response to Plaintiff's No-Evidence Motion for Summary Judgment ("Motion" or "MSJ") and Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence ("Motion to Strike"). The City asks the Court to deny Plaintiff's Motion and strike Plaintiff's evidence in support of such Motion. It support thereof, the City shows the following:

## I.
## Introduction

1. On August 29, 2013, Plaintiff filed Plaintiff's Final Amended Petition ("Petition"). Plaintiff's legal theories and factual allegations are difficult to follow. What is clear, however, is that the City denied Plaintiff's application for vested rights, codified at Chapter 245 of the Local Government Code ("Chapter 245"), to develop property at 6300-02 Highway 290 under regulations in effect on the date of an expired permit issued by Travis County on August 9, 1985, and/or a plat recorded in 1872.[1] Chapter 245 provides that all permits required to complete

---

[1] The City's application form for asserting vested rights is titled Project Application H.B. 1704/Chapter 245 Determination, but for ease of reference is referred to herein as "vested rights application."

a development project are "locked-in" to the regulations in effect on the date that the first permit application for the project was submitted. Plaintiff challenges the City's denial of his vested rights application and asserts that various City employees committed fraudulent misrepresentation, perjury, breach of contract, preventing the execution of civil process, and administrative failure to comply with Chapters 43.002, 245, and 312.005 of the Texas Local *101.0215 municipal gov. city legislative intent* Government Code in connection with the denial of Plaintiff's vested rights application and the handling of the current lawsuit.

2.      Plaintiff's MSJ must be denied as a matter of law. His claims lack evidentiary basis and are contrary to well established law. Contrary to Plaintiff's allegations, the rights conferred by Chapter 245 are not so broad that any permit application filed for development of a property is sufficient to exempt it from current regulations in perpetuity. The evidence presented in this case—a plat from over 125 years ago and a lapsed Travis County permit from 28 years ago—is legally insufficient to establish vested rights from current City regulations. Moreover, Plaintiff's allegations of fraudulent misrepresentation, perjury, breach of contract, and preventing the execution of the civil process are confusing, unsubstantiated and conclusory.

3.      Finally, this matter has already been decided by this Court. On October 9, 2013, Plaintiff filed a Motion for No Evidence Summary Judgment, making the same legal arguments and attaching the same inadmissible hearsay evidence. Ex. 1. On November 13, 2013, this Court struck Plaintiff's evidence and denied Plaintiff's motion for summary judgment. Ex. 2. Since this Court's ruling, Plaintiff has not amended his pleadings, presented any new authenticated evidence or cited new legal authority to support this Motion. Accordingly, this Court should deny Plaintiff's MSJ as Plaintiff has not presented sufficient evidence to show that there are no

issues of material fact or that he is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c).

## II.
## Summary Judgment Evidence

4.    To support the facts in this response, Defendants offer the following summary-judgment evidence attached to this response and incorporate the evidence into this response by reference.

Exhibit 1:    Plaintiff's first No-Evidence Motion for Summary Judgment filed on October 9, 2013.

Exhibit 2:    November 13, 2013 order denying Plaintiff's first No-Evidence Motion for Summary Judgment and striking Plaintiff's exhibits.

Exhibit 3:    Affidavit of Susan Scallon with attachments.

Exhibit 4:    May 3, 2013 Rule 11 Agreement regarding rescheduling a hearing.

Exhibit 5:    May 17, 2013, affidavit signed by Assistant City Attorney Sandra Kim in support of Defendants' Motion for Continuance.

Exhibit 6:    May 30, 2013 order granting Defendants' Motion for Continuance.

## III.
## Authority and Argument

### A.    Plaintiff's no-evidence motion is conclusory.

5.    A no-evidence motion for summary judgment must be specific in challenging the evidentiary support for an element of a claim or defense. TEX. R. CIV. P. 166a(i). The rule does not authorize conclusory motions or general no-evidence challenges to an opponent's case. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see* TEX. R. CIV. P. 166a(i). When a no-evidence motion for summary judgment does not challenge specific elements, it should be treated as a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c). *See Michael v. Dyke*, 41 S.W.3d 746, 751-52 (Tex. App.—Corpus Christi 2001, no

pet.); *Amouri v. Sw. Toyota Inc.*, 20 S.W.3d 165, 168 (Tex. App.—Texarkana 2000, pet. denied); *Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826, 829 n. 2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). This switches the burden of proof from the nonmovant to the movant. *See* TEX. R. CIV. P. 166a(c), (i).

Plaintiff's Motion for No-Evidence Summary Judgment is conclusory as it simply states that the City had no basis for denying his application for vested rights. Plaintiff appears to presume that simply citing a plat recorded in 1872 and/or an expired development permit from 1985 that was issued by Travis County, and not by the City, is sufficient to exempt new construction from current City regulations. Plaintiff globally argues various City employees fraudulently denied his application.

Plaintiff's arguments regarding both vested rights and fraud are conclusory and fail to establish that the City erred in denying his application. The burden shifts to Plaintiff to prove that his application for vested rights should be granted and he has failed to establish Defendants improperly denied Plaintiff's vested rights application as a matter of law.

**B.      City's Response to Chapter 245 Arguments**

Under Plaintiff's interpretation of Chapter 245, a property would remain forever exempt from current City development regulations based on nothing more than an expired permit issued by another regulatory agency in 1985 and/or a plat recorded for the property in the year of 1872. Plaintiff's arguments are inconsistent with controlling precedent and fail, as a matter of law, to establish vested rights under Chapter 245.

**i.      A permit application submitted to one regulatory agency does not establish vested rights for purposes of another agency's regulations.**

Vested rights attach to a project once an application for the first permit required in completing the project is filed with the municipality or other agency responsible for regulating

the subject property. *Shumaker Enterprises, Inc. v. City of Austin*, 325 S.W.3d 812, 815 (Tex. App.—Austin 2010, no pet.); *Harper Park Two, L.P. v. City of Austin*, 359 S.W.3d 247, 248-49 (Tex. App.—Austin 2011, pet denied); Tex. Local Gov't Code § 245.002(a)(1). Once vested rights are established, all subsequent permits required to complete the project are subject to the regulations in effect on the date of the first permit application and, with limited exceptions, are exempt from subsequently adopted regulations. *Shumaker Enterprises, Inc.*, 325 S.W.3d at 814; *Harper Park Two*, 359 S.W.3d at 250; *see also* Tex. Local Gov't Code § 245.004.

In order for an application to establish vested rights from current regulations, however, the application must have been sufficient to "giv[e] *the regulatory agency* fair notice of the project and the nature of the permit sought." Tex. Local Gov't Code § 245.002(a)(1) (emphasis added). An application filed with one agency does not provide "fair notice" to another agency and is thus not sufficient to establish vested rights from that agency's regulations. *Shumaker*, 325 S.W.3d at 815.

In *Shumaker Enterprises, Inc. v. City of Austin*, a landowner was required to obtain a city permit after the city's extraterritorial jurisdiction (ETJ) expanded to include the landowner's property. *Id.* The landowner argued that it was not required to obtain a city permit for its intended sand-and-gravel mining operations because it had already applied for an application with the county before the expansion of the city's ETJ. *Id.* at 812-13. The *Shumaker* court rejected that argument and held that because Section 245.002(a)(1) refers to "permits" as opposed to a "project" or "property," a landowner can only establish vested rights from an agency regulations if he or she filed a permit application with that same agency. *Id.* at 814-15. In other words, the landowner in *Shumaker* failed to establish vested rights from city regulations by

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S NO-EVIDENCE
MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

PAGE 5 OF 13

filing an application with the county before the city's ETJ expanded to include the property. *Id.* at 814-15.

Plaintiff's request that this Court recognize vested rights from City regulations based on either the 1985 Travis County development permit or the 1872 plat is inconsistent with the Court of Appeals' holding in *Shumaker* because neither application was submitted to the City. Ex. 3. Indeed, to the extent he relies primarily on the 1985 Travis County development permit, Plaintiff's claims in this case are even weaker than those rejected by the Court in *Shumaker* because, unlike the property at issue in that case. Plaintiff's property came within the City's ETJ on July 19, 1951, and would therefore have required a city permit in 1985. Ex. 3.

Since no application giving the City "fair notice" of a development project was ever filed with the City, Plaintiff's argument that development of the subject property is vested to the regulations in effect on August 9, 1985. or in the year 1872, directly contradicts *Shumaker* and fails as a matter of law. Ex. 2. Only a permit application submitted to the City in 1985 could possibly afford Plaintiff vested rights to City regulations in effect in 1985.

### ii. A permit is not entitled to vested rights if the original project has changed or been completed.

Even if the expired 1985 Travis County development permit or the 1872 plat may at one time have constituted a "project" for purposes of vested rights under Chapter 245, based on the facts of this case, the City correctly determined that any such project had long been completed and that further development on the property would constitute a new project subject to current regulations.

#### 1. The scope of a "project" under Chapter 245 is defined by the original permit.

A development is no longer entitled to vested rights if it constitutes a new or different "project" from the one sought in the initial permit application. *Harper Park Two, L.P.,* 359 S.W.3d at 249, 250; *Seguido,* 227 S.W.3d at 242-43 (holding that property owner could not develop property more than thirty years after a previous owner filed a subdivision plat because a permit is for a specific project, rights vest in a particular project, and rights are no longer vested when a project changes); Op. Tex. Att'y Gen. No. JC-0425, 1 (opining "property remains subject to the development regulations in effect at the time the original application for the first permit was filed, but only if the project remains the same").

For purposes of Chapter 245, a "project" is "an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor." TEX. LOCAL GOV'T CODE § 245.001(3). A project is the single endeavor reflected in the original application for the first permit in the series of permits connected to a project. *Harper Park Two, L.P.,* 359 S.w.3d at 256. The term "endeavor" is not defined in the statute, but the common definition is "the action of endeavoring; effort, or pains, directed to attain an object." *Seguido,* 227 S.W.3d at 243 (citing Op. Tex. Att'y Gen. No. JC-0425, 3).

2.    **Plaintiff's project was completed or changed subsequent to the 1985 Travis County development permit and is therefore subject to current regulations.**

Based on the evidence provided to the City in connection with Plaintiff's vested rights application dated February 14, 2011, together with additional research conducted by City staff, it appears that significant development has occurred on the property and that any "project" contemplated by either the 1985 Travis County development permit or the 1872 plat was completed long ago. Ex. 3.

If the 1872 plat is regarded as the first permit application for the "project," it appears from GIS maps that land included in the plat was developed with at least nine structures constructed over a period of nineteen years, beginning in 1987 and continuing until 2006. Ex. 3. While no construction was ever completed on the subject property or lot in question, the 1872 plat does not evidence a specific "endeavor" or plan for development of his property or, for that matter, any other lot included in the plat. Ex. 3. Thus, even if the plat had been provided to the City in 1872, it would have provided "fair notice" of nothing other than the original landowner's intention to divide a larger tract into discrete parcels.[2]

If the 1985 Travis County development permit is regarded as the first permit application for the project, it appears that a prior owner may have constructed 50 piers on the lot in question in accordance with that permit before construction was halted for financial reasons and the permit expired.[3] Even if the 1985 application had been submitted to the City, which it was not, Plaintiff has failed to cite any legal authority that allows a landowner to establish vested rights based solely on an expired permit for a subsequently abandoned construction project.

Using either the 1985 Travis County development permit application or the 1872 plat as a starting point, it would appear that the overall project was complete or abandoned well before Plaintiff submitted his request for vested rights to the City of Austin on February 16, 2011. More importantly, the 1985 Travis County permit and the 1872 plat were not filed with the City and no rights were vested on either date. Therefore, Plaintiff must submit a new vested rights application with the City before he can begin a new project.

---

[2] Perhaps for this reason, there is no evidence that any of the developers who constructed the nine existing structures between 1987-2006 asserted claims of vested rights to the 1872 plat.

[3] According to Travis County Development Services and Section 105.5 of the International Building Code, a permit becomes invalid and expires if no work commences after 180 days from the date of issuance, or if work authorized under the permit is suspended or abandoned for 180 days after work is commenced. http://publicecodes.cyberregs.com/icod/ibc/2000/icod_ibc_2000_1_par046.htm

## C.    Fraudulent Misrepresentation

The elements of fraud are (1) a material representation was made; (2) the representation was false: (3) when the representation was made. the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion: (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation: and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.,* 297 S.W.3d 768. 774 (Tex. 2009).

Although Plaintiff's allegations of fraudulent misrepresentation are hazy at best. it appears based on the pleadings filed in this case that Plaintiff is alleging that Greg Guernsey, Susan Scallon, and the Chapter 245 completeness check team, all City employees, made false misrepresentations in denying Plaintiff's vested rights application. Every City employee involved in determining the denial of Plaintiff's application merely carried out his or her job duties in good faith by making a Chapter 245 Determination as requested by Plaintiff. Plaintiff's dissatisfaction with the denial of his request does not falsify the premise for such denial.

Further. there is no evidence of intent to induce Plaintiff's reliance based on this denial. Any action by Plaintiff as a result of this determination was outside the control of Defendants. The denial of Plaintiff's vested rights application simply meant that Plaintiff's rights were not vested upon the filing of documents with a regulatory agency other than the City, including the 1985 Travis County development permit and the 1872 plat. Plaintiff was free to develop his property and pursue a project under the current land development rules and regulations at any time after receiving the denial of his vested rights application.

## D.    Perjury and Breach of Contract

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S NO-EVIDENCE
MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

PAGE 9 OF 13

Plaintiff's allegations of perjury relate to criminal matters, the venue for which would take place in the criminal courts. TEXAS PENAL CODE §§37.02, 38.16(a). Such allegations are not properly before this civil proceeding and must be dismissed. *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 441 (Tex. 1994) ("a party cannot seek to construe or enjoin enforcement of a criminal statute in a civil proceeding unless it challenges the constitutionality of the provision and proves an irreparable injury to its vested property rights...."); *State v. Morales*, 869 S.W.2d 941, 944 (Tex. 1994).

Plaintiff alleges that prior defense counsel Assistant City Attorney Sandra Kim's affidavit in support of Defendants' Motion for Continuance filed May 17, 2013 constitutes an affidavit made in bad faith pursuant to Texas Rules of Civil Procedure 166a(h), which pertains to affidavits in support of summary judgment. Ex. 5. The affidavit in question supported a motion for continuance, not a motion for summary judgment, so this argument is irrelevant, baseless, and fails as a matter of law. Ex. 5.

Plaintiff alleges this same affidavit constitutes a sham affidavit. Sham affidavits contradict an affiant's prior deposition testimony with no explanation for the change in testimony, offered for the sole purpose of creating a fact issue to avoid summary judgment. *Farroux v. Denny's Rests., Inc.*, 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *Pando v. Southwest Convenience Stores*, 242 S.W.3d 76, 79 (Tex. App.—Eastland 2007, no pet.). Such a sham affidavit should be disregarded and cannot raise a fact issue for purposes of summary judgment. *Pando*, 242 S.W.3d at 79. Again, the affidavit in question was filed in support of a motion for continuance, not a motion for summary judgment, so this argument is misplaced. Ex. 5. Defense counsel, Assistant City Attorney Sandra Kim, did not contradict prior

testimony but merely explained the basis for a motion for continuance of a hearing on the merits of Plaintiff's claims. Ex. 5.

**E.     Breach of Contract and Preventing the Execution of Civil Process**

The Rule 11 Agreement in this case pertained to a rescheduling of a hearing set by Plaintiff based on a scheduling conflict that arose because of the Plaintiff's failure to confer with Defense counsel regarding the original hearing date.[4] Ex. 4. The new date stated in the Rule 11 Agreement was not feasible in light of the fact that Plaintiff requested a trial on the merits without providing the requisite 45-day notice. and requested injunctive relief tantamount to an adjudication of the merits of the underlying case. Ex.'s 4-5. No case or rule addresses whether a Rule 11 Agreement regarding a rescheduling of a hearing constitutes a contract. Any allegation of a breach of contract in connection with the Rule 11 Agreement is therefore misplaced and irrelevant.

Furthermore. the underlying issue of the rescheduling of the hearing was addressed in an Order granting Defendants' Motion for Continuance by Judge Wisser on May 30. 2013. Ex. 6. A court may grant a motion for continuance if the motion is supported by an affidavit and states sufficient cause. TEX. R. CIV. P. 247. 251, & 252. A court is within its sound discretion to grant a motion for continuance and will not be disturbed unless the record reveals a clear abuse of discretion. *Villegas v. Carter*. 711 S.W.2d 624, 626 (Tex. 1986). Therefore. the Court has already addressed the issue regarding the Rule 11 Agreement and made a ruling confirming its validity. Ex. 6.

Lastly, the Rule 11 Agreement or the affidavit in support of Defendants' Motion for Continuance did not prevent the execution of civil process. as the Rule 11 merely reset the date

---

[4] It should be noted that Plaintiff again failed to confer with defense counsel for this MSJ hearing setting.

for a hearing, which was later continued by court order on May 30. 2013. as discussed above. Ex.'s 3-5. Any alleged prevention from process can be remedied by a setting of a new hearing regarding the matter.

## IV.
## Defendants' Motion to Strike Plaintiff's Evidence

Plaintiff failed to authenticate Exhibits 1 through 13 and Defendants object on the basis of hearsay under Texas Rules of Evidence 801 and 802. These documents are not authenticated. but offered to prove the truth of the matter asserted, constituting inadmissible hearsay. Defendants request the Court strike such documents from the record and disregard them in considering Plaintiff's Motion for No-Evidence Summary Judgment.

## V.
## Conclusion

For the reasons cited above. Defendants request this Court deny Plaintiff's No-Evidence Motion for Summary Judgment and strike Plaintiff's No-Evidence Summary Judgment evidence.

Respectfully submitted.

ANNE L. MORGAN, INTERIM CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/ Andralee Cain Lloyd
ANDRALEE CAIN LLOYD
State Bar No. 24071577
Andralee.Lloyd@austintexas.gov
City of Austin – Law Department
P. O. Box 1088
Austin, Texas 78767-1088
Telephone: (512) 974-2918
Facsimile: (512) 974-1311

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on this day. Tuesday. November 3. 2015. I have served a copy of *Defendants' Response to Plaintiff's No-Evidence Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence* on Charles Draper, *pro se* plaintiff. in compliance with the Texas Rules of Civil Procedure.

**VIA CMRRR (# 91 7199 9991 7035 9003 9596)**
**& U.S. Mail to:**

Charles N. Draper
160 Maeves Way
Austin. TX 78737

*PRO SE* PLAINTIFF

/s/ Andralee Cain Lloyd
Andralee Cain Lloyd
Assistant City Attorney

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S NO-EVIDENCE
MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

PAGE 13 OF 13

# **ORDERS**

DC                BK15317 PG1280

Filed in The District Court
of Travis County, Texas

NOV 1 2 2015

At_____/:39____ ___M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER. | § | IN THE DISTRICT COURT |
| Plaintiff *Pro Se*. | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| GREG GUERNSEY, | § | TRAVIS COUNTY, TEXAS |
| IN HIS CAPACITY AS DIRECTOR OF | § | |
| PLANNING AND DEVELOPMENT | § | |
| WATERSHED PROTECTION | § | |
| REVIEW DEPARTMENT, | § | |
| AND CITY OF AUSTIN, | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

### ORDER DENYING PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

On November 10, 2015. came to be heard Plaintiff's No-Evidence Motion for Summary Judgment. Defendants' Response and Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence. The Court, after reviewing the pleadings and hearing the argument of counsel makes the following rulings:

~~IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence on the basis of impermissible hearsay is **GRANTED** and Plaintiff's Exhibits 1-13 are stricken and disregarded as summary judgment evidence.~~ *CR*

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's No-Evidence Motion for Summary Judgment (construed by the Court as Plaintiff's Traditional Motion for Summary Judgment) is **DENIED.**

SIGNED this ___12___ day of November. 2015.



Honorable Judge Presiding

004306017

**EXHIBITS**

# McClendon & Associates
## Development Consulting, LLC

July 16, 2012

Mr. Greg Guernsey, Director
Planning and Development Review
505 Barton Springs Road, Ste. 500
Austin, TX. 78704

Re: Reconsideration of 1704/Chapter 245 Application for Lots 10A and 11A, Block 1, Town of
Oak Hill at 6300 and 6302 U.S. 290 West (Tracking #: 10547874)

Dear Mr. Guernsey:

Thank you for your previous determination of the above referenced application. Susan Scallon,
1704 Committee staff representative, was kind enough to visit with me regarding the application
and share some basis for not approving the application. In response, it seems additional
information, materials, and signed plans may provide clarification of the facts and additional
documentation of the justification and "continuing progress" by which we would respectfully
request for the 1704 Committee to reconsider the application.

A site development summary follows providing a chronology of development permitting for the
subject property in an effort to clarify and augment the facts of the application previously
submitted.

## Subdivision

The land was legally subdivided as Lots 10 and 11, Block 1, Town of Oak Hill, and recorded in
the Travis County Deed Records on December 16, 1872, (copy attached). In 1982, the City
adopted the Barton Creek Watershed Ordinance, however, legally subdivided land was exempted
from the ordinance and site development standards per Sec. 9-10-303(b). In short, a site
development, or waterway development permit from the City of Austin was not required.

## Site Development Permit

Travis County approved a site development or floodplain permit on August 8, 1985 for the
Patton Lane Office Building, a 3-story office development. Although the original subdivision
was platted in 1872, the site development permit represents the first in a series of permits for the
project. Two copies of the complete (11" x 17") plans are attached which show approvals from
the Travis County Engineer's office. Although construction was initiated and later paused due to
economic conditions, the floodplain permit does not expire. The Travis County Engineer's
Office issued a letter in 1987, indicating that a floodplain elevation certificate verifying the

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:    512 382 1017
e-mail: carlmcclendon@austin.rr.com



finished floor elevation of the building (to be constructed) had not been filed within one year of the issuance of the permit and, therefore, is a violation. (not expiration of the permit).

Construction commenced in 1985, with removal of existing homes on the site and construction of drilled pier locations for the building's foundation, as evidenced by notes from a City of Austin environmental inspector and an aerial photo in 1986. (attached).

The site included previously existing residential and commercial development from the 1950's and 1970's, which did not require City or County permits when it was constructed. All of this development was outside the City and within the County's jurisdiction, prior to the adoption of the Barton Creek and Williamson Creek Ordinances.

**Annexation to City of Austin**

The Patton Lane Office Building was under construction when the City of Austin annexed the property for full purpose on December 30, 1985, and zoned the property Single-Family-2 (SF-2).

Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for existing commercial development, which is an exemption from compliance with the City's building permit process per LDC, Sec. 25-1-365.

**Continuing Progress**

The Local Government Code Chapter 245.005(a) states for permits without an expiration date and for which there is no continuing progress towards completion, a local regulatory agency may enact an ordinance, rule, or regulation that places an expiration date on a project of no earlier than the fifth anniversary of the effective date of this chapter (Sept. 1, 2005).

The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 17, 1991, the City rezoned the property to Commercial Services-Conditional Overlay (CS-CO), (Case #: C14-91-0027).

In 2008, the current owner filed for rezoning of the property to Commercial Services-Conditional Overlay-Neighborhood Plan (CS-CO-NP), (Case # C14-2008-0152), which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit.

Please contact me if there are questions or further items for discussion.

Carl McClendon, AICP

cc: Charles Draper

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8675
Fax: 512 382 1017
e-mail: carlmcclendon@austin.rr.com

# Development Summary
## Patton Lane Office Bldg

**12/16/1872** Legally platted subdivision recorded for Town of Oak Hill, Lots 10 and 11 (Vol. X, Pg. 242)

**7/19/1951** The subject property was annexed into the City's extra-territorial jurisdiction (ETJ).

**11/18/1982** Barton Creek Ordinance passed by City Council (Ordinance No. 82-1118-N) requiring site development standards for land within the Barton Creek Watershed. Subdivisions legally platted prior to April 17, 1980, are exempted per Sec. 9-10-303(b).

**8/8/1985** Travis County approves site development (or floodplain) permit (Case #: 85-2558) for Patton Lane Office Building and site construction commences. Foundation piers are drilled, but construction pauses due to economic conditions; aerial photo from 4/23/86 showing drilled piers is attached.

**12/30/1985** City of Austin annexes property, and approves zoning for Single-Family-2 (SF-2).

**10/10/1991** City of Austin approves rezoning from SF-2 to CS-CO for Lots 10 and 11, Town of Oak Hill (Case No. C14-91-0027).

**10/17/1991** Amended plat recorded for Town of Oak Hill, Lots 10 and 11 to create Lots 10A and 11A, Town of Oak Hill, (Case #: C8-91-0039.0A).

**1/15/2009** Based upon landowner's request for rezoning, the City of Austin revises the zoning and conditional overlay for Lots 10A and 11A, Block 1, Town of Oak Hill Amended Subdivision from CS-CO-NP to CS-CO-NP, (Case #: C14-2008-0152). The conditional overlay amendments revised the permitted uses and site restrictions on the property.

**2/16/2011** Landowner files application for 3-story office building (Patton Lane Office Building) for Chapter 245 review and consideration.

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone 512 363 6676
Fax: 512 382 1017
e-mail: carlmcclendon@austin.rr.com



Filed Decr 16th 1872 at 11 A. M.  Recorded same day

A. R. Morris, Clerk by M. S. Dunn, Deputy

- - - - - - - - - - - -

THE STATE OF TEXAS ╫

COUNTY OF TRAVIS ╫  KNOW ALL MEN BY THESE PRESENTS THAT I, Mary A. Goodrich of the County of Travis and State of Texas, for and in consideration of one dollar to me in hand paid the receipt of which is hereby acknowledged, have this day and by these presents, given, granted, bargained, sold, alienated and conveyed unto and delivered to James H. Raymond of said County and State, all of my right, title interest and claim in and to the following described property, to-wit: Situate lying and being in Travis County, in the State of Texas and described by metes and bounds as follows: Specially waiving all homestead, dowery, interest or other rights, secured under the Constitution and laws of Texas, and exempt from forced sale thereby to the following described property, viz: Southeast quarter of Block one hundred and eighty-one (181) fronting one hundred and twenty-eight (128) feet on San Jacinto Street; running one hundred and thirty-eight (138) feet on Willow Street; being lots numbers Four (4) Five (5) and Six (6) in Block one hundred and eighty-one (181) in the City of Austin.  Together with all and singular the rights members, appurtenances, hereditaments and improvements or fixtures to the same belonging or in anywise incident or appertaining or belonging thereto unto the said James H. Raymond.  To have and to hold the same in fee simple. In trust for the following uses and purposes. That is to say I have this day received from E. C. Bartholemew, the sum of Six hundred and eighty dollars in U. S. Currency; and as evidence of said debt and to secure the payment of the same have this day made,

M.A.Good-
rich
To
Trust Deed
Jas.H.Ray-
mond

Exhibit
B

executed and delivered to E. C. Bartholomew the promissory note hereto attached, bearing twenty_four_ cent interest per annum; together with this Trust deed to secure and compel the faithful payment of the same. Now, therefore, If I shall well and truly pay off and discharge said note at its maturity agreeable to its legal tenor and effect, then and in that event this conveyance to be null and void, cancelled and for nothing held. But should I fail to pay said debt at its maturity (or when remanded thereafter by E. C. Bartholomew or his legal representatives, then I hereby authorize and empower James H. Raymond trustee (or in case of his death or refusal to act, then the Sheriff of Travis County to advertise said property herein described for sale; giving written notice at three public places in the County of Travis, for twenty days; setting forth the place and date of sale and the property to be sold, and at the expiration of said notice should said note remain unpaid (or any part thereof) to sell said property between the hours of 10 o'clock A. M. and 2 o'clock P. M. at the usual place of public sales in Travis County to the highest bidder for cash; and upon payment of the purchase money by the bidder to make, execute and deliver to the purchaser a warrantee deed to the property sold, signing my name thereto, and I bind myself to warrant and defend the same against the lawful claims of any and all persons. The proceeds of said sale to be applied to the payment of said note, interest and costs; the residue, if any to be paid to me or my legal representatives. Witness my hand and seal this 14th day of December A. D. 1872.                    Mary A. Goodrich (Seal)

THE STATE OF TEXAS #

COUNTY OF TRAVIS #  BEFORE ME, Z. T. Fulmore a Notary Public for said County, duly commissioned and qualified, personally appeared Mrs. Mary A. Goodrich, a feme sole to me well known who acknowledged the execution of the instrument of writing hereto attached, for the uses, purposes and considerations therein stated. Witness my hand and affix my official seal at office in the City of Austin, this the 14th day of Decr A. D. 1872.                    Z. T. Fulmore, N. P. T. C.

Filed Decr 14th 1872 at 2 P. M.  Recorded Decr 16th 1872.

                    A. R. Morris, Clk.  By M. S. Dunn, Deputy

- - - - - - - - - -

Internal Revenue Stamp $1.00 Cancelled

THE STATE OF TEXAS #

A. Klein
& Wife
To
Trust Deed
C. R. Johns

COUNTY OF TRAVIS #  KNOW ALL MEN BY THESE PRESENTS, that I, Arnold Klein of the County of Travis and State of Texas, for and in consideration of one dollar to in hand paid, the receipt whereof is hereby acknowledged, have this day and by these presents, given, granted, bargained, sold, aliensed and conveyed unto and delivered to C. R. Johns all my right, title, interest and claim in and to the following described property-to-wit: Situate, lying and being in the County of Travis, State of Texas, and described by metes and bounds as follows: Specially waiving all homestead, Dowery, interest or other rights, secured under the Constitution and laws of Texas, and exempt from forced sale thereby to the following described property, viz: Being Two hundred and sixteen acres of land out of the Santiago del Valle Grant, bounded and described as follows: Beginning on Onion

# NOTICE OF CLASS "B"
## TRAVIS COUNTY FLOOD HAZARD AREA
## DEVELOPMENT PERMIT

STATE OF TEXAS )
COUNTY OF TRAVIS )

This Permit No. **85-2558** is issued on **August 9, 1985**
and is effective immediately.

This Permit is issued to **Patton Lane Joint Venture**
and is not transferrable.

This Permit authorizes the permittee to construct development in accordance with the requirements of Travis County Flood Plain Management Regulations on the following described property **2.14 acres of the Thomas Anderson Sur.#17**
**6300 Hwy. 290 West Tax Map #4-0834-06-05 & 08**
(Lot. Block. Subdivision. Street A**#4-0834-01-C1**
**(offices)**

Foundation Inspection (is XXXX) required.

Mechanical and Electrical Inspection (XX is not) required.

Special Provisions (XX are not) attached.

A Notice of Permit has been issued with this permit which should be posted in a location where it will be protected from weather and secure from vandalism, and will remain posted until the work is complete.

The permittee shall notify the County Engineer forty-eight (48) hours before construction is ready for foundation and or mechanical and electrical inspection, if required.

Finished slab to be at or above elevation **812.0' MSL**

_for H.E. Whittington, P.E._
COUNTY ENGINEER
TRAVIS COUNTY, TEXAS

### INSPECTION RECORD

| Inspection | Inspector | Date | Passed | Failed |
|---|---|---|---|---|
| Foundation | | | | |
| Mechanical and Electrical | | | | |
| Other | | | | |
| Other | | | | |

NOTE: All construction & site development shall be in compliance with Travis County Flood Plain Management Regulations, Sec. 5.B. and as per plans approved by Travis County.

NOTES:



Exhibit C

"B" - PERMIT
#85 - 2559



# PATTON LANE

6300 HIGHWAY 290 WEST
AUSTIN, TEXAS 78735

## SITE DEVELOPMENT PERMIT PERMIT PLANS

### (NOT FOR CONSTRUCTION)

OWNER: NLIAS MCDONALD PROPERTIES
3001 LAKE AUSTIN BLVD.
SUITE 402
AUSTIN, TEXAS



LOCATION MAP

**ESPEY, HUSTON & ASSOCIATES, INC.**
engineering & environmental consultants

916 Capital of Texas Hwy. South
(512) 327-6840

P. O. Box 519
Austin, Texas 78767



## AREA TABULATIONS

**SITE AREA** 7.44 ACRES 189,224 SQ. FT.

**BLDG. AREA (OFFICE)** 43,539 SQ. FT.

**PARKING DATA**
REQ'D (1/2 AC) 174 SPACES

**PROVIDED**
COMP. 42 SPACES
PARALLEL 5 SPACES
SID 119 SPACES
H'CAP 5 SPACES

TOTAL 174 SPACES

## SITE PLAN

SCALE 1" = 30'

PATTON LANE

HWY. 290

**N**

**OWNER** PATTON LANE JOINT VENTURE

**ADDRESS** 8301 290 WEST

**LEGAL DESCRIPTION**
LOTS 10 & 11
OAKHANVILLE SUBDIVISION
VOL.X Pg. 242 (TOWN OF OAK HILL)
TRAVIS COUNTY, TEXAS

VICINITY MAP
NO SCALE

PENROSE
AND
ASSOCIATED INC.
ARCHITECTURAL ENGINEERS
2020 BURNET RD. · AUSTIN, TEXAS 78738 · 454-2773

PROJECT
PATTON LANE OFFICE BUILDING

SITE PLAN
SCALE AS NOTED

A.9



FIRST FLOOR PLAN

DRIVE THRU

LEASE SPACE

LEASE SPACE

LEASE SPACE

LOBBY

JANITOR

MEN

WOMEN

ELECT./ MECH.

PENROSE
AND
ARCHITECTURAL ENGINEERS
BURNET RD.    AUSTIN, TEXAS

PROJECT
PATTON LANE OFFICE BUILDING

SITE PLAN                SCALE AS NOTED



VICINITY MAP

NORTH

UTILITY SITE PLAN

PATTON LANE
(80 FT R.O.W.)

STREET ADDRESS ————————

OWNER ————————

LEGAL DESCRIPTION ————————

U.S. HWY 290
(100 FT R.O.W.)

PROPOSED
3-STORY BUILDING
43,500 SF

PENROSE
AND
ASSOCIATES INC.
ARCHITECTURAL ENGINEERS
5035 BURNET RD.    AUSTIN, TEXAS 78756 · 454·8773

PROJECT
PATTON LANE OFFICE BUILDING

SITE PLAN                SCALE AS NOTED



# NOTICE OF PUBLIC HEARING
# REZONING

**Mailing Date: December 30, 2008**

**Case Number: C14-2008-0152**

Este aviso le informa de una audiencia pública tratando un cambio de zonificación dentro de una distancia de 500 pies de su propiedad. Si usted desea recibir una copia de este aviso en español, por favor llame al (512) 974-7668.

Please be advised that the City of Austin has received an application for a zoning change.

Owner: Tejas Land & Commerce (Charles Draper)     Telephone: 512-358-7191

Agent: Thrower Design (Ron Thrower)     Telephone: 512-476-4456

Address and/or Legal Description:
6300 US Hwy 290 West

Proposed Zoning Change

From  CS-CO-NP – **General Commercial Services district** is intended predominately for commercial and industrial activities of a service nature having operating characteristics or traffic service requirements generally incompatible with residential environments. CO – **Conditional Overlay combining district** may be applied in combination with any base district. The district is intended to provide flexible and adaptable use or site development regulations by requiring standards tailored to individual properties. NP – **Neighborhood Plan district** denotes a tract located within the boundaries of an adopted Neighborhood Plan.

To  CS-CO-NP – **General Commercial Services district** is intended predominately for commercial and industrial activities of a service nature having operating characteristics or traffic service requirements generally incompatible with residential environments. CO – **Conditional Overlay combining district** may be applied in combination with any base district. The district is intended to provide flexible and adaptable use or site development regulations by requiring standards tailored to individual properties. NP – **Neighborhood Plan district** denotes a tract located within the boundaries of an adopted Neighborhood Plan.

This application is scheduled to be heard by the City Council on January 15, 2009. The meeting will be held at City Hall Council Chambers, 301 West 2nd Street beginning at 4:00pm.

You are being notified because City Ordinance requires that all property owners within 500 feet, those who have a City utility service address within 500 feet and registered environmental or neighborhood organizations whose declared boundaries are within 500 feet be notified when an application is scheduled for a public hearing.

If you have any questions concerning this application, please contact Stephen Rye, of the Neighborhood Planning and Zoning Department at 512-974-7604 and refer to the Case Number at the top right of this notice. However, you may also find information on this case at our web site: **https://www.ci.austin.tx.us/devreview/index.jsp.**

For additional information on the City of Austin's land development process, please visit our **www.ci.austin.tx.us/development.**





**N**

SUBJECT TRACT

ZONING BOUNDARY

PENDING CASE

OPERATOR: S. MEEKS

1' = 400'

ZONING

ZONING CASE#: C14-2008-0152
ADDRESS: 6300 W US 290 HWY WB
SUBJECT AREA: 2.357 ACRES
GRID: C19
MANAGER: C. PATTERSON



This map has been produced by G.I.S. Services for the sole purpose of geographic reference. No warranty is made by the City of Austin regarding specific accuracy or completeness.

## Kleeman, Robert

| | |
|---|---|
| **From:** | Murphy, Pat [pat.murphy@ci.austin.tx.us] |
| **Sent:** | Wednesday, February 20, 2008 10:22 AM |
| **To:** | Kleeman, Robert; Hollon, Matt |
| **Subject:** | RE: info on property |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Robert,

This is a pretty complicated question that you are asking. I would suggest that we sit down at some point and go through the regulations that might apply to this project.


Pat



**From:** Kleeman, Robert [mailto:rkleeman@munsch.com]
**Sent:** Tuesday, February 19, 2008 12:06 PM
**To:** Hollon, Matt
**Cc:** Murphy, Pat
**Subject:** RE: info on property


Guys:

I need some guidance. The property in question has an original plat that goes back to a plat called the "Town of Oak Hill" recorded in Volume X, Page 242, Deed Records of Travis County. I am working on getting a copy of this plat but I feel comfortable in guessing that this plat goes back to at least the 1960s if not earlier. The plat was amended in 1991 by moving lot lines. The current property description is Town of Oak Hill, Amended Lots 10 and 11, according to the plat recorded in Volume 90, Page 61, Travis County Plat Records. The amended plat was administratively approved by the City of Austin.

The Williamson Creek Ordinance, Ord No. 810319-M, states in Section 101.2 that the requirement for a site development permit does apply to development within a recorded subdivision which was finally approved by the Planning Commission prior to December 18, 1980. I strongly suspect that the original plat pre-dates December 18, 1980.

Was there a Williamson Creek Ordinance prior to Ord. No. 810319-M? Was there another Williamson Creek Ordinance between 1981 and the CWO?

Was there some other, earlier City Ordinance that would have required a site development permit or site plan in the Williamson Creek Watershed? Ordinance No. 801218-W appears to only address subdividing, which isn't an issue here.

If there are other, earlier ordinances, can you send me a copy of those earlier ordinances?

Now going Back to the Future, I am thinking that under 13-2-502(d), May 18, 1991 would be the first date that a site development permit requirement would apply to this property. Under 13-2-502(b), this platted property would have been exempt from the Comprehensive Watersheds Ord. Under 13-2-502(g), development of the property would have been governed by the applicable watershed ordinance, if any, in effect on May 18, 1986. Unless there is a pre-1981 ordinance, I believe that there was not a site development permit requirement applicable to this property on May 18, 1986.



2/25/2008

Thanks

**Robert Kleeman**
**MUNSCH HARDT**
**KOPF & HARR, P.C.**
**DALLAS | HOUSTON | AUSTIN**

One American Center
600 Congress Avenue, Suite 2900
Austin, Texas 78701-3057
Direct: (512) 391-6115
Fax:    (512) 482-8932
rkleeman@munsch.com
munsch.com

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail. Please virus check all attachments to prevent widespread contamination and corruption of files and operating systems. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Hollon, Matt [mailto:Matt.Hollon@ci.austin.tx.us]
**Sent:** Friday, January 18, 2008 3:40 PM
**To:** Kleeman, Robert
**Cc:** Murphy, Pat
**Subject:** info on property

Robert,

OK, I made a couple of quick maps of Charles Draper's properties along 290 (6300 & 6302 Hwy 290 W) and am attaching them for your use. I noted that the area to the back is functionally impervious-looking, but am not certain as to its actual status. I talked with Pat Murphy and he said that you will need a determination of the legality of the impervious cover (i.e., whether it was permitted). We'll get into more of a grey area if it was put in illegally. Anyway, the smaller 6300 property WAS included in our analysis of properties for the BSZ Redevelopment Ordinance. We didn't pick up the other property because it was listed as "undeveloped" in our coverage. Obviously it IS developed, and now we just need to confirm its status.

Definitely feel free to call us back to talk more about it if you have questions. Pat Murphy (974-2821) will likely be your best contact in terms of interpretation of the rules.

Matt

Matt Hollon
Env. Program Manager, Planning & GIS
Watershed Protection & Development Review
City of Austin
505 Barton Springs Rd. 11th Floor; Austin, Texas 78704
512.974.2212 voice / 512.974.2846 fax

2/25/2008

# City of Austin

*[...] Congress, Republic of Texas, 1839*
*Watershed Protection and Development Review Department*
*[...] Box [...], Austin, Texas 78767*

August 28. 2008

Mr. Robert J. Kleeman
Munsch Hardt
Kopf & Harr PC
One American Center
600 Congress Avenue - Suite 2900
Austin, Texas 78701-3057

Dear Mr. Kleeman:

I am writing you in response to your request to verify your client's entitlements for a redevelopment project in the Barton Springs Zone located at the intersection of U.S. Hwy. 290/71 West and Patton Ranch Road. I agree that a successful redevelopment project under 25-8-27 would be a benefit to the City and your client.

As you know, City Code Section 25-8-27 provides an exception to compliance with the City's water quality regulations in the Barton Springs Zone under limited circumstances. Applicable to your client's situation is the requirement that only existing commercial development that does not increase non-compliance with code requirements qualifies. My understanding is that your client wishes to redevelop commercial property in the Barton Springs Zone, but at least some of the existing development on the property was not built in compliance with City Code requirements.

The development on the site has occurred in several phases as you have evidenced by comparing the City's aerial photographs from different dates. The site is located within the Barton Creek watershed and the first watershed regulations limiting impervious cover that would have applied to your client's property was the 1980 Barton Creek Ordinance. Because of the lack of City records documenting any permits or construction dates, I agree that it is reasonable for you to document through aerial photographs or other credible evidence the portion of the commercial development that was built in compliance with City regulations in existence at that time.

You are required to provide documentation and impervious cover calculations based on this agreed upon methodology at the time that your client files a development permit application requesting the redevelopment exception under City Code section 25-8-27. To clarify, this means that any impervious cover placed on the site not in compliance with City regulations at the time it was constructed must be removed. The remaining impervious cover, i.e., the portion that was built in



compliance with City regulations, may remain in accordance with 25-8-27 as long as the redevelopment otherwise fully complies with 25-8-27.

My staff and I look forward to working with you on this project.

Sincerely,

Victoria J. Li., Director
Watershed Protection and Development Review Department

**JONES & CARTER, INC.**
ENGINEERS · PLANNERS · SURVEYORS

1701 Directors Blvd., Suite 400     TEL 512 441 9493
Austin, Texas 78744-1024            FAX 512 445 2286

AUSTIN                    DALLAS
HOUSTON                   BRENHAM
SAN ANTONIO               ROSENBERG
COLLEGE STATION           THE WOODLANDS

*Texas Board of Professional Engineers Registration No. F-439*

February 15, 2011

Ms. Susan Scallon
Planning and Development Review
505 Barton Springs Road
Austin, Texas 78705

Re:     Patton Lane Office Building
        6302 West US Hwy 290
        Austin, Texas 78735

Dear Susan:

On behalf of the owner, Charles Draper, Jones & Carter, Inc. is submitting a Site Plan Fair Notice and a H.B. 1704 Chapter 245 Determination Application for the Patton Lane Office Building project. The project is located on the northeast corner of West US Hwy 290 and Patton Ranch Road in southwest Austin. A brief history of the project is that the building was designed, the project site was cleared and construction began in 1985 with the construction of 50 building piers. Due to the economic downturn of the mid 1980's, the project was halted and the property became owned by the lending institute. At the time, the project was outside the Austin city limits, so no permit was required for the project. Attached are site plan, floor plan and utility plan for the project, a copy of an aerial photograph from February 16, 1984 showing the site, plus a copy of an aerial photograph from April 23, 1986 showing the site had been cleared, the houses and other building had been demolished and construction activity had commenced. There are currently fifty building piers that were constructed for the building foundation prior to the project being halted.

On December 30, 1985, the property was annexed into the City. Based on the fact that the project had commenced prior to annexation by the City, the project should be grandfathered to the regulations at the time construction began and can continue construction.

We appreciate your favorable review of the H.B. 1704 Chapter 245 determination. If there is additional information that you require, please contact me at (512) 441-9493.

Very truly yours,

James M. Schissler, P.E.

Cc:     Charles Draper, Tejas Land Company

J:/projects/A633/001/general/letter/1704 letter 020111.doc



# Exhibit D
# PROJECT APPLICATION H.B. 1704/Chapter 245 DETERMINATION
## (Chapter 245, Texas Local Government Code)
### (This completed form must accompany all subdivision and site plan applications.)

FOR DEPARTMENTAL USE ONLY

File # Assigned: _SP 2011-0040C_   Date Filed: _2/16/2011_

Original Application Date: _Current date_ Signature: _Susan Ball_   Date: _2/22/2011_
Comments: _project complete_
_____Insufficient Information to establish Chapter 245 rights.

Proposed Project Name: Patton Lane Office Building

Address / Location: 6302 West US Hwy 290, Austin, TX 78735

Legal Description: Lots 10 and 11 Town of Oak Hill

A. [ ] The proposed application is for a **New Project** and is submitted under regulations currently in effect.

**NOTE: If A is checked above, proceed to signature block below.**

B. [ ] The proposed application is for an ongoing project not requesting House Bill 1704 consideration. The choice of this option does not constitute a waiver of any rights under Chapter 245.

C. [ ] The proposed application is for a **project requesting review under regulations other than those currently in effect, but not on the basis of House Bill 1704.** All appropriate supporting documentation must be attached to this request. Provide a brief description of the basis for this request here: _____

D. [ ] The proposed application is for a **project requesting review under a specific agreement, not on the basis of House Bill 1704.** All appropriate supporting documentation must be attached to this request. Provide a brief description of the basis for this request here: _____

E. [ X ] Original Application Filing Date: _Not required at time construction began_   File #: _____

The proposed application is submitted as a **Project in Progress** under Chapter 245 (HB 1704) and should be reviewed under the applicable regulations pursuant to state law. **The determination will be based on information submitted on and with this form.**

## The following information is required for Chapter 245 Review:

*Attach supporting documentation, including a summary letter with a complete project history from the Original Application to the present, with a copy of the original subdivision or site plan approval by the City and subsequent application approvals. Specify project information for date claiming 1704 grandfathering; include a copy of the relevant* **permit** *upon which Chapter 245 vesting is claimed.*

| Project Application History | File # | Application Date | Approval Date |
|---|---|---|---|
| Annexation/zoning (if applicable to history) | | | |
| Preliminary Subdivision | | | |
| Final Subdivision Plat | Volume X, Page 242 | | December 16, 1872 |
| Site Plan / Devel. Permit | Not required at time construction began | | |

**Proposed Project Application** (check one): Preliminary Subdivision_____ Final Plat_____ Site Plan _X_

**Proposed Project Land Use:** *Specify* acreage *in each of the following land use categories.*
Single Family / Duplex _____ Townhouse / Condo / Multi-family _____ Office _____

Commercial **2.1313** ___ Industrial / R&D _____ Other (Specify) _____

**Total acreage: 2.1313** ___ Watershed **Williamson Creek** ___ Watershed Classification **Barton Springs Zone**

*This proposed project application will still be reviewed under those rules and regulations that are not subject to Chapter 245, such as those to prevent imminent destruction of property or injury to persons, including regulations dealing with stormwater detention, temporary erosion and sedimentation controls, and regulations to protect critical/significant recharge features.*

Signature - Property Owner or Agent _James M. Schissler_   Date: _2-14-11_

Printed Name James M. Schissler, P.E.   Phone / Fax 512-441-9493 / 512-445-2286

Form Date 5/06/2005



# Land Use Review
# Site Plan Completeness Check



Planning and Development Review Dept.

Before an application is accepted for formal review, City Staff conducts a completeness check to ensure the application packet contains the necessary components to complete a review.

A completeness check application **must be deemed complete** before formal application can be submitted.

## A formal application must be filed within 45 calendar days of the initial completeness check (by 04/02/2011) or the application will expire and a new completeness check application must be filed.

Applicants must pick up the completeness check packet at the Intake office within 72 hours of receiving a response. The City is not responsible for lost or stolen packets. **The applicant must schedule an appointment with the Intake office for formal application submittal.** Please call 974-2681, 974-2350, or 974-7208 for more information.

| Completeness Check Results: **Incomplete** | | 45 Day Expiration date: **04/02/2011** | |
|---|---|---|---|
| Tracking #: **10547374** | Revision #: **00** | | Watershed: **Williamson Creek** |
| Project Name: **Patton Lane Office Building** | | | |
| Ch.245 Team Review Req'd: **Yes** | Orig. Submittal Date: **02/16/2011** | | Resubmittal Date: |
| Date Sent to Ch.245: | Current Results to Applicant: **03/02/2011** | | |
| Date Rec'd.back in LUR: | | | |

**This application is incomplete for the reasons given below. The Applicant must address the noted deficiencies and resubmit it along with a comment response letter to the Intake Office, at One Texas Center, 505 Barton Springs Rd., 4th Floor, Austin TX 78704.**

**Checked for Completeness by the following reviewers:**

| | | | Complete/Incomplete | Initials |
|---|---|---|---|---|
| Drainage Engineering | Jay Baker | 512-974-2636 | Complete | JB |
| Transportation | Joe Almazan | 974-2674 | Complete | JA |
| Site Plan | Lynda Courtney | 974-2810 | InComplete | LC |
| Environmental | Ingrid McDonald | 974-2711 | Complete | IM |
| Water Quality Eng. | Jay Baker | 974-2636 | Complete | JB |
| Env.Res.Mgmt. | David Johns | 974-2781 | Complete | DJ |
| Floodplain | Jameson Courtney | 974-3399 | Complete | JC |
| Row Mgmt. | Joan Caldwell | 974-7024 | Complete | JC |
| Utility Coord. | Eva Moore | 974-7671 | Complete | EM |
| Traffic Control | Javier Martinez | 974-1584 | Complete | JM |
| AWU-DPR | Monty Lowell | 974-2882 | Complete | ML |
| AWU | Neil Kepple | 972-0077 | Incomplete | NK |
| UST | Schuyler Schwarting | 974-2715 | | |

| Staff Reviewers as follows | | Case Manager: | |
|---|---|---|---|
| **Team A** | **Team B** | **Team C** | **Team D** |
| Nikki Hoelter (SP) | Donna Galati (SP) | Sue Welch (SP) | Sarah Graham (SP) |
| Jennifer Groody (DR/WQ) | Leslie Daniel (DR/WQ) | Kevin Selfridge (DR/WQ) | Jay Baker (DR/WQ) |
| Ron Czajkowski (DR/WQ) | Michael Duval (DR/WQ) | Beth Robinson (DR/WQ) | Benny Ho (DR/WQ) |
| Jim Dymkowski (EV) | Mike McDougal (EV) | Joydeep Goswami (DR/WQ) | Brad Jackson (EV) |
| Candace Craig (TR) | Jeb Brown (EV) | Michael Clay (EV) | Shandrian Jarvis (TR) |
| | | Sangeeta Jain (TR) | |
| **Other Disciplines required:** | | | |
| Mapping | Traffic Control-No addn. review | WWW | PARD |
| Electric (3) | Fire | Floodplain | Industrial Waste |

RSMP: Yes/No        Waiver:     Yes/No      Onsite Drainage:     Yes/No

Additional Copies to ERM/Other:

Small Project: Yes/No

Fees:

Total # of Plans ___/ Engineering Reports ___ required at formal

The City of Austin encourages applicants to contact neighborhood organizations prior to formal submittal. To find out contact information for neighborhood associations visit our web page at http://www.ci.austin.tx.us/neighborhoodservices/ or contact our Neighborhood Liaisons for more information: Carol Gibbs @ 974-7219 or Jody Zemel @ 974-7117.

**Comments:**
**Please respond to each comment in letter form.**


TR:    OK for HB 1704 determination only

AWU: Plan is for 1704 only, No Site Plan to review.

SP:     Submit new project Site Plan Packet

ERM: FYI, if 1704 is not granted, project will require an EA.



# City of Austin

Founded by Congress, Republic of Texas, 1839
Planning and Development Review Department
P.O. Box 1088, Austin, Texas 78767

May 13, 2011

Mr. Charles Draper
Tejasland and Commerce
6300 Highway 290 West
Austin, TX 78735

RE:    6302 Highway 290 West, Lot 11A, Block 1, Oak Hill Township
       1704 Application/Chapter 245 City Admin Code; Tracking 10547874

Dear Mr. Draper:

Thank you for your letter of April 6, 2011 regarding the above referenced property. In response to your request to reconsider the Chapter 245 determination for the site plan at the referenced property, it is my decision to uphold the original decision that the site plan would be subject to current code as of the date of submittal. This decision was reached after reviewing information submitted with your original determination request, aerial photography and your most recent letter and its attachment. If you have questions regarding the terms of this letter, please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
    Brent Lloyd, Law Department





# City of Austin

Founded by Congress, Republic of Texas, 1839
Planning and Development Review Department
P.O. Box 1088. Austin. Texas 78767

September 23, 2011

Mr. Charles Draper
Tejasland and Commerce
6300 Highway 290 West
Austin, TX 78735

RE:    6302 Highway 290 West, Lot 11A, Block 1, Oak Hill Township
       1704 Application/Chapter 245 City Admin Code; Tracking 10547874

Dear Mr. Draper:

Thank you for your email of August 17, 2011 regarding your reconsideration request of my previous Chapter 245 determination on the referenced property. In light of the attachments to your email, I requested and obtained additional permit information from Travis County. Based on this additional information, the information you submitted and the previous information from your original Chapter 245 determination request; I have decided to uphold my original decision that the site plan would be subject to current code as of the date of submittal. If you have questions regarding the terms of this letter, please call me at 974-2387.

Sincerely,

Gregory I. Guernsey, AICP, Director
Planning and Development Review Department

CC: Susan Scallon, PDRD
     Brent Lloyd, Law Department
     Mitzi Cotton, Law Department



September 29, 2011

Mr. Greg Guernsey, AICP Director
City of Austin
Planning and Review Department
PO Box 1088
Austin, TX 78767

**RE:** *Freedom of Information Act,* and request for meeting:
6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township*
1704 Application/Chapter 245 City Admin Code: Tracking # 10547

Dear Mr. Guernsey,

I appreciated your letter, you submitted on September 23, 2011. The letter states:"...*In light of the attachments to your email, I requested and obtained additional permit information from Travis County....I have decided to uphold my original decision that the site plan would be subject to current code...*".

Regrettably, your letter does not respond to my letter of August 17, 2011. I will repeat the question: "*Again, I appeal to your judgment; on what 'legal basis' are you denying the application?*"

I request, You furnish, through the *Freedom of Information Act* all copies of correspondences the City of Austin, and Travis County have on record *for Lots 11A, and Lot 10A Block 1 of the Oak Hill Township;* as well as those which your decision was moored.

It is my understanding; you are not an attorney, Mr. Guernsey. Given the City recent rescission in **Harper Park Two, LLC vs. City of Austin,** I believe, I am entitled to more than: "*...I have decided to uphold my original decision...*".

I, formally, request a meeting with you, the City Attorney, my engineer, my attorney, and myself; so we may ascertain the "legal basis" of your decision.

As a consequence of your un-relented position, I have experienced economic hardship, economic loss, and inability to rent my private property, or generate economic rent from my investment. I believe, the law affords me a reason for the basis of your decision.

I look forward to meeting with you in the next couple of weeks.

Sincere regards,

Charles Draper
Tejasland & Commerce, President

CC:     Susan Scallon
         City Manager, Marc Ott
         Honorable Mayor Lee Luffingwell
         Greg Anderson, Chief-of-Staff, Mayor Pro Tem Sherly Cole
         Honorable Representative Paul Workman
         Jim Schissler, Jones & Carter



August 17, 2011

Mr. Greg Guernsey, AICP Director
City of Austin
Planning and Review Department
PO Box 1088
Austin, TX 78767

**RE:** 6302 Highway 290 West, *Lot 11A, Block 1, Oak Hill Township*
1704 Application/Chapter 245 City Admin Code; Tracking # 10547

Dear Mr. Guernsey,

Following our last week's discussion at First Evangelical Free Church, I have, patiently, awaited acknowledgement of my 1704 Application; submitted in early spring of 2011. Attached is a copy of your denial from May 2011. Again, I appeal to your judgment; on what 'legal basis' are you denying the application?

Attached is a copy of Chapter 245 of the Local Government Code. Equally, attached are a site plan, and permit issued by Travis County engineer H. E. Whittington on August 9, 1985; prior to City annexation.

Because the term SB 1704 and Chapter 245 are interchangeable, and refer to the legislative intent of the State; please provide written notice, why my project does not comply with the Local Government Code; because, I can not locate it in statute.

I pray. You recognize my project conforms to State law, and you will issue a letter of approval.

I look forward to hearing from you.

Sincere regards,

Charles Draper
Tejasland & Commerce, President

CC:     Susan Scallon
        City Manager, Marc Ott
        Honorable Mayor Lee Luffingwell
        Greg Anderson, Chief-of-Staff, Mayor Pro Tem Sherly Cole
        Honorable Representative Paul Workman
        Jim Schissler, Jones & Carter

# **AFFIDAVITS**

IN THE DISTRICT COURT OF
TRAVIS COUNTY, TEXAS
419th JUDICIAL DISTRICT

CHARLES N. DRAPER,       §

Plaintiff, *Pro Se*       §
      §
V.       §       CAUSE NO. D-1GN-13-000778
      §
GREG GUERNSEY,       §
IN HIS CAPACITY AS DIRECTOR OF       §
PLANNING AND DEVELOPMENT       §
WATERSHED PROTECTION       §
REVIEW DEPARTMENT,       §
AND CITY OF AUSTIN       §
      §
Defendants.       §

## PLAINTIFF'S SUPPLEMENT TO THE RECORD
## AFFIDAVITS OF EVEIDENCE

On January 31, 2014, Defendants, requested additional disclosure, and *Defendant's Second Set of Interrogatories*. Under **TRCP Rule 193.5** *Amending or Supplementing Response to Written Discovery*, Plaintiff, Draper files the following affidavits and evidence in sworn testimony:

## AFFIDAVITS

1. **Travis County** – **Transportation and Natural Resources**

   Robert Glasper, custodian of Travis County archives, affirms and attests all the attached records attached in *Plaintiff's Supplement Exhibit 1* are original or exact duplicates of the original.

2. **McClendon & Associates- Carl McClendon**

   Carl McClendon, an independent development consultant, affirms and attests all records attached in *Plaintiff's Supplement Exhibit 2* are to the best of his knowledge true and correct.

3. **Oxford Commercial Austin Office Report – Charles Draper**

Charles Draper, a licensed real estate broker with the State of Texas, affirms and attests all records attached in *Plaintiff's Supplement Exhibit 3* are to the best of his knowledge true and correct.

4. **Tilt-Wall Dormitory Construction Report- Biscayne, FL**

Charles Draper, experienced developer, affirms and attests all records attached in *Plaintiff's Supplement Exhibit 4* are to the best of his knowledge true and correct

5. **6300/6302 US HWY 290 West, Subdivision, 1704/Chp 245, and Construction Report-** *Jones & Carter*

Jim Schissler with *Jones & Carter*, a professional consulting and engineering firm with 25 years of experience, and offices in Austin, affirm and attest all records attached in *Plaintiff's Supplement Exhibit 5* are to the best of their knowledge true and correct.

### Summary

Draper present to the court, the attached exhibits as authenticated documents *Supplements to the Record* under **TRCP Rule 193.5**

Respectfully submitted.

Charles N. Draper
4609 Trail Crest Circle
Austin, Texas 78735
Phone: 512.699.2199
Email: cd@tejasland.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2014, a true and correct copy of the foregoing *Plaintiff's Supplement to the Record; Affidavits* were sent by certified mail, return receipt request to Sandra Kim, *Austin Law Department*, City Hall, 301 West 2nd Street. P.O. Box 1546, Austin, Texas 78767-1546

Sandra Kim, Assistant City Attorney
Law Department, City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1546
Austin, Texas 78767-1546

*Plaintiff Supplement to the Record*

**Exhibit  1**



700 Lavaca Street
Travis County Administration Building
PO Box 1748
Austin, Texas 78767
Phone: (512) 854-9383
Fax: (512) 854-9436


Requestor:    Charles Draper
              4609 Trail Crest Circle
              Austin, TX 78735

Re:           Requested copies for Permit # 85-2558


Requested Records:    This affidavit pertains to the release of documents responsive to the request for public information submitted by Charles Draper to Transportation and Natural Resources on November 25, 2013.


## AFFIDAVIT

Before me, the undersigned authority, personally appeared TRANSPORTATION AND NATURAL RESOURCES, who, being by me duly sworn, deposed as follows:

My name is ROBERT GLASPER. I am the duly authorized custodian of the records of TRANSPORTATION AND NATURAL RESOURCES. Attached hereto are _7_ pages of records from Transportation and Natural Resources. These said _7_ pages of records are kept by Transportation And Natural Resources in the regular course of business, and it was the regular course of business of Transportation And Natural Resources for an employee or representative of Transportation And Natural Resources, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

Affiant, _____
              Robert Glasper


SUBSCRIBED AND SWORN TO BEFORE ME on the __26th__ day of __November__ 2013 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC



ANN PAYNE
Notary Public
STATE OF TEXAS
Commission Exp. 04-04-2015

# NOTICE OF CLASS "B"
## TRAVIS COUNTY FLOOD HAZARD AREA DEVELOPMENT PERMIT

STATE OF TEXAS }
COUNTY OF TRAVIS }

This Permit No. **85-2558** is issued on **August 2, 1985** and is effective immediately.

This Permit is issued to **Patton Lane Joint Venture** and is not transferrable.

This Permit authorizes the permittee to construct development in accordance with the requirements of Travis County Flood Plain Management Regulations on the following described property: **Lots 10 & 11, Oatmanville Subdivision, 2.14 acres of the Thomas Anderson Sur. #17, 6300 Hwy. 290 West**

(Lot, Block, Subdivision, Street Address)

**Tax Map #4-0834-06-05 & 08 (offices)**

Foundation Inspection (is **XXXXX** required.

Mechanical and Electrical Inspection **XX** is not) required.

Special Provisions **XXX** are not) attached.

A Notice of Permit has been issued with this permit which should be posted in a location where it will be protected from weather and secure from vandalism, and will remain posted until the work is complete.

The permittee shall notify the County Engineer forty-eight (48) hours before construction is ready for foundation and/or mechanical and electrical inspection, if required.

Finished slab to be at or above elevation **817.0 MSL**

**Mark H.E. Whittington, P.E.**
COUNTY ENGINEER
TRAVIS COUNTY, TEXAS

### INSPECTION RECORD

| Inspection | Inspector | Date | Passed | Failed |
|---|---|---|---|---|
| Foundation | | | | |
| Mechanical and Electrical | | | | |

**NOTE:** All construction & site development shall be in compliance with Travis County Flood Plain Management Regulations, SEc. 5.B. and as per plans approved by Travis County.

# NOTICE OF CLASS "B"
## TRAVIS COUNTY FLOOD HAZARD AREA
## DEVELOPMENT PERMIT

STATE OF TEXAS
COUNTY OF TRAVIS

This Permit No. **85-2558** is issued on **August 9, 1985** and is effective immediately.

This Permit is issued to **Patton Lane Joint Venture** and is not transferrable.

This Permit authorizes the permittee to construct development in accordance with the requirements of Travis County Flood Plain Management Regulations on the following described property: **2.14 acres of the Thomas Anderson Sur.#17**

**6300 Hwy. 290 West Tax Map #4-0834-06-05 & 08**
(Lot, Block, Subdivision, Street **#4-0634-01-01**
**(offices)**

Foundation Inspection (is XXXX) required.

Mechanical and Electrical Inspection (XX is not) required.

Special Provisions (XX are not) attached.

A Notice of Permit has been issued with this permit which should be posted in a location where it will be protected from weather and secure from vandalism, and will remain posted until the work is complete.

The permittee shall notify the County Engineer forty-eight (48) hours before construction is ready for foundation and/or mechanical and electrical inspection, if required.

Finished slab to be at or above elevation **812.0'**

for H.E. Whittington, P.E.
COUNTY ENGINEER
TRAVIS COUNTY, TEXAS

### INSPECTION RECORD

| Inspection | Inspector | Date | Passed | Failed |
|---|---|---|---|---|
| Foundation | | | | |
| Mechanical and Electrical | | | | |

NOTE: All construction & site development shall be in compliance with Travis County Flood Plain Management Regulations, Sec. 5.B. and as per plans approved by Travis County.

# PATTON LANE

6300 HIGHWAY 290 WEST
AUSTIN, TEXAS 78735

## SITE DEVELOPMENT PERMIT PLANS

### (NOT FOR CONSTRUCTION)

OWNER: NELMS/MCDONALD PROPERTIES
3001 LAKE AUSTIN BLVD.
SUITE 402
AUSTIN, TEXAS



LOCATION MAP

**ESPEY, HUSTON & ASSOCIATES, INC.**
engineering & environmental consultants

916 Capital of Texas Hwy. South
(512) 327-6840

P.O. Box 519
Austin, Texas 78767

"B" - PERMIT
#85 - 2559

P-479 712 999

## Henry E. Whittington, P.E.
### TRAVIS COUNTY ENGINEER

Travis County Administration Building
314 West 11th Street, Suite 200
P.O. Box 1748
Austin, Texas 78767
(512) 473-9122

April 10, 1987


Patton Lane J.V. - Buddy Goodson
8000 Centre Park Drive Suite 100
Austin, Tx.   78704

SUBJECT:  Completion of Travis County Flood Hazard Area Development Permit
#85-2558, Lt 10 & 11 Oatmanville, 6300 290 West
Patton Lane Office Building

Dear Mr. Goodson :

This office has not received an elevation certificate for the abovementioned
property, therefore, our files are considered incomplete.

The elevation certificate is required by the Federal Emergency Management Agency
(FEMA) to verify the lowest floor elevation of your structure for insurance and
lending purposes and to comply with the Travis County Flood Plain Management
Regulations. Sec. 5.E., which states:

"An elevation certificate shall be completed by the certifier and
one copy shall be returned to the County Engineer's office for
completion of the permit file".

"Failure to provide the County Engineer's office with a completed
copy of the elevation certificate within one year from the issuance
of the permit shall constitute a violation".

If you need another elevation certificate form, contact Melba Archer of our office
so that we may complete Section I.  Then a registered professional engineer, surveyor
or architect shall complete Section II or Section III (where applicable), verifying
the lowest floor elevation.  One copy shall be returned to this office so that our
files will be complete.

If we have not received the completed certificate or a written explanation stating
reasons for lack of certification within 30 days of receipt of this letter, we
will assume that the structure is in non-compliance with the Travis County Flood
Plain Management Regulations and will refer this permit file to the County Attorney
for appropriate action.

If there are any questions, please feel free to contact this office.

Sincerely,

for Mark A. Kronkosky
Travis County Hydrologist

BASIC DEVELOPMENT PERMIT APPLICATION FORM

Application No. _CS-2558_

Answer each of the following questions, or comply with the following instructions:

1. State the nature of the construction, and if your answer is "other", state briefly the nature and purpose of the proposed construction. "Other" is used to designate such structures as sewage disposal plants, water supply and distribution systems, fills and embankments, etc.:

Residential: _____ Non-Residential: __✓__ Waste Disposal System #: _____

Location or Description of Property - Fill in all Blanks that Apply: Abstract _____

Survey _____ Lot _____ Block _____ Subdivision _Oat man lle_

Section _____ Reserve _____ Street Address _6300 HWY 290 W_

Acreage _____ Square Footage of Structure _43503_

No. of Units _____ Other: _PATTON LANE OFFICE PARK_
(Project Name, etc.)

T.N.R.M. 89-0331-06-25 C8

2. Is the proposed construction a new structure or is it a proposed substantial improvement of an existing structure? "Substantial improvement" means any repair, reconstruction, or improvement of a property, the cost of which equals or exceeds 50% of the fair market value of the property either (a) at the time the permit application is made, or (b) before the damage occurred, if the property has been damaged and is being restored.

Answer: _NEW STRUCTURE_

3. Supply with this application one (1) copy of general plans of construction. [If Class "B" Permit (Flood Hazard Area Development Permit) is required, additional information will be requested, including complete plans and specifications of proposed construction.]

4. Attach a map of sufficient scale to locate the building site, along with surrounding property. Mark the building site on the map.

5. Attach a copy of all State and/or Federal permits applicable.

6. State the name of the permit applicant: _NELMS/McDANIEL PROPERTIES_
_3001 LAKE AUSTIN BLVD SUITE 400_
Owner: _Same Patton hars_ _AUSTIN 78703_

7. If the permit applicant is a corporation, partnership or other legal entity other than a natural person, state the name of one or more natural persons who will be responsible to Commissioners Court to see that all provisions of the building permit will be faithfully complied with. _WELDON McDONALD_

8. State the estimated cost of construction $ _____

I, _____, hereby file this application for basic development permit, and if the permit herein applied for is granted, acknowledge myself to be bound to Commissioners Court of Travis County, Texas to see that all provisions of the permit are faithfully performed.

_____   X _Tom Price_
(Date)                    (Applicant/Agent or Attorney)

(For County Use Only)
Fee: _____        NAME: _ESLEY HOUSTON_
Rec'd by: _____   ADDRESS: _BOX 567 AUSTIN TX 78767_
Ck'd by: _____
Approved: _____   PHONE: _512 327-6840_
                    (Please Print)

address   Zoning #255
100 yr sit
mi FF 812

B-1
4/76

BASIC DEVELOPMENT PERMIT APPLICATION FORM

Application No._____

Answer each of the following questions, or comply with the following instructions:

1. State the nature of the construction, and if your answer is "other", state briefly the nature and purpose of the proposed construction. "Other" is used to designate such structures as sewage disposal plants, water supply and distribution systems, fills and embankments, etc.:

   Residential:_____ Non-Residential: XX Waste Disposal System #: City of Austin

   Location or Description of Property - Fill in all Blanks that Apply: Abstract_____

   Survey_____ Lot 10611 Block_____ Subdivision Garrenville_____

   Section_____ Reserve_____ Street Address 6300 290 West_____

   Acreage_____2.18_____ Square Footage of Structure 43,500 sq. ft.

   No. of Units_____ Other: Patton Lane Office Building_____
                                      (Project Name, etc.)

2. Is the proposed construction a new structure or is it a proposed substantial improvement of an existing structure? "Substantial improvement" means any repair, reconstruction, or improvement of a property, the cost of which equals or exceeds 50% of the fair market value of the property either (a) at the time the permit application is made, or (b) before the damage occurred, if the property has been damaged and is being restored.

   Answer:_____New Structure_____

3. Supply with this application one (1) copy of general plans of construction. [If Class "B" Permit (Flood Hazard Area Development Permit) is required, additional information will be requested, including complete plans and specifications of proposed construction.]

4. Attach a map of sufficient scale to locate the building site, along with surrounding property. Mark the building site on the map.

5. Attach a copy of all State and/or Federal permits applicable.

6. State the name of the permit applicant:____Buddy Goodson_____

   Owner: Patton Lane Joint Venture_____

7. If the permit applicant is a corporation, partnership or other legal entity other than a natural person, state the name of one or more natural persons who will be responsible to Commissioners Court to see that all provisions of the building permit will be faithfully complied with. Weldon McDonald, William Brewer, Thomas Heim

   _____

8. State the estimated cost of construction: $ 1,710,000.00

   I,_____Buddy Goodson_____, hereby file this application for basic development permit, and if the permit herein applied for is granted, acknowledge myself to be bound to Commissioners Court of Travis County, Texas to see that all provisions of the permit are faithfully performed.

   _____           _____
           (Date)                        (Applicant/Agent or Attorney)

   (For County Use Only)              NAME: Buddy Goodson
   Fee:_____
   Rec'd by:_____              ADDRESS: 8900 Centre Park Drive, Suite 100
   Ck'd by:_____
   Approved:_____              PHONE: 836-3233
                                              (Please Print)

BASIC DEVELOPMENT PERMIT APPLICATION FORM

Application No. _____

Answer each of the following questions, or comply with the following instructions

1. State the nature of the construction, and if your answer is "other", state briefly the nature and purpose of the proposed construction. "Other" is used to designate such structures as sewage disposal plants, water supply and distribution systems, fills and embankments, etc.:

Residential: _____ Non-Residential: _____ Disposal System: _____

Location or Description of Property - Fill in all Blanks that Apply: Abstract _____

Survey _____ Lot _____ Block _____ Subdivision _____

Section _____ Reserve _____ Street Address _____

Acreage _____ Square Footage of Structure _____

No. of Units _____ Other: _____
(Project Name, etc.)

2. Is the proposed construction a new structure or is it a proposed substantial improvement of an existing structure? "Substantial improvement" means any repair, reconstruction, or improvement of a property, the cost of which equals or exceeds 50% of the fair market value of the property either (a) at the time the permit application is made, or (b) before the damage occurred, if the property has been damaged and is being restored.

Answer: _____

3. Supply with this application _____ Permit. If a Hazard Area Development Permit is required, additional information will be requested, including complete plans and specifications of proposed construction.

4. Attach a map of sufficient scale to locate the building site, along with surrounding property. Mark the building site on the map.

5. Attach a copy of all State and/or Federal permits applicable.

6. State the name of the permit applicant: _____

Owner: _____

7. If the permit applicant is a corporation, partnership or other legal entity other than a natural person, state the name of one of the natural persons who will be responsible to Commissioners Court to see that all provisions of the building permit will be faithfully complied with. _____

8. State the estimated cost of construction $ _____

I hereby file this application for basic development permit, and if the permit herein applied for is granted, acknowledge myself to be bound to Commissioners Court of Travis County, Texas to see that all provisions of the permit are faithfully performed.

_____
(Date)

_____
(Applicant, Agent or Attorney)

NAME: _____

(For County Use Only)
Fee: _____
Rec'd by: _____
Ck'd by: _____
Approved: _____

ADDRESS: _____

PHONE: _____

BASIC DEVELOPMENT PERMIT APPLICATION FORM

Application No. _____

Answer each of the following questions, or comply with the following instructions:

1. State the nature of the construction, and if your answer is "other", state briefly the nature and purpose of the proposed construction. "Other" is used to designate such structures as sewage disposal plants, water supply and distribution systems, fills and embankments, etc.:

Residential: _____ Non-Residential: _____ Waste Disposal System #: _____

Location or Description of Property - Fill in all Blanks that Apply: Abstract _____

Survey _____ Lot _____ Block _____ Subdivision _____

Section _____ Reserve _____ Street Address _____

Acreage _____ Square Footage of Structure _____

No. of Units _____ Other: _____
(Project Name, etc.)

2. Is the proposed construction a new structure or is it a proposed substantial improvement of an existing structure? "Substantial improvement" means any repair, reconstruction, or improvement of a property, the cost of which equals or exceeds 50% of the fair market value of the property either (a) at the time the permit application is made, or (b) before the damage occurred, if the property has been damaged and is being restored.

Answer: _____

3. Supply with this application one (1) copy of general plans of construction. (If Class I permit (Flood Hazard Area Development Permit) is required, additional information will be requested, including complete plans and specifications of unfinished construction.)

4. Attach a map sufficient scale to locate the building site, along with surrounding property. Mark the building site on the map.

5. Attach a copy of all State and/or Federal permits applicable.

6. State the name of the permit applicant: _____
Owner: _____

7. Is the permit applicant a corporation (partnership or other legal entity) other than a natural person, state the name of one or more natural persons who will be responsible to Commissioners Court to see that all provisions of the building permit will be faithfully complied with. _____

8. State the estimated cost of construction: $ _____

I, _____, hereby file this application for basic development permit, and if the permit herein applied for is granted, acknowledge myself to be bound to Commissioners Court of Travis County, Texas to see that all provisions of the permit are faithfully performed.

_____                    X _____
(Date)                             (Applicant, Agent or Attorney)

(For County Use Only)              NAME: _____
Fee: _____
Rec'd by: _____          ADDRESS: _____
Ck'd by: _____
Approved: _____          PHONE: _____
                                   (Please Print)

B-1
4/76

*Plaintiff Supplement to the Record*

**Exhibit  2**

# AFFIDAVIT

THE STATE OF TEXAS       §
§
COUNTY OF TRAVIS       §

        BEFORE ME. THE UNDERSIGNED AUTHORITY. on this day personally appeared Carl McClendon. who. being by me first duly sworn. and deposed as follows:

        "My name is Carl McClendon with *McClendon & Associates*. I am over the age of 21 years. I am independent development consultant in the Austin real estate market. On July 16. 2012. I filed a ***Reconsideration of 1704/Chapter 245 Application*** on behalf of Charles Draper for *Lots 10A and 11A. Block 1. Town of Oak Hill; located at 6300 and 6302 US Hwy 290 West* (Tracking# 10547874). I am fully competent to make this verification. I have read the foregoing: ***1704/Chp.245 Reconsideration Application***. All of the information contained in the publication are within my personal knowledge. and true and correct."

_____
Carl McClendon

SUBSCRIBED AND SWORN TO BEFORE ME on the date 2th day of February. 2014

RORY RENE TELLO
Notary Public, State of Texas
My Commission Expires
September 15, 2015

_____
Notary Public. State Texas

# McClendon & Associates
## Development Consulting, LLC

July 25, 2012

Mr. Greg Guernsey, AICP, Director
Planning and Development Review
505 Barton Springs Road, Ste. 500
Austin, TX. 78704

Re: Reconsideration of 1704/Chapter 245 Application for Lots 10A and 11A, Block 1, Town of
Oak Hill at 6300 and 6302 U.S. 290 West (Tracking #: 10547874)

Dear Mr. Guernsey;

Thank you for your previous determination of the above referenced application. Susan Scallon,
1704 Committee staff representative, was kind enough to visit with me regarding the application
and share some basis for the Committee's disapproval. In response, it seems additional
information, materials, and signed plans may provide clarification of the facts and additional
documentation of the justification and "continuing progress" by which we would respectfully
request for the 1704 Committee to reconsider the application.

A site development summary follows providing a chronology of development permitting for the
subject property in an effort to clarify and augment the facts of the application previously
submitted.

## Subdivision

The land was legally.subdivided as Lots 10 and 11, Block 1, Town of Oak Hill, and recorded in
the Travis County Deed Records on December 16, 1872, (copy attached). In 1982, the City
adopted the Barton Creek Watershed Ordinance, however, legally subdivided land was exempted
from the ordinance and site development standards per Sec. 9-10-303(b). In short, a site
development, or waterway development permit from the City of Austin was <u>not</u> required.

## Site Development Permit

Travis County approved a site development or floodplain permit on August 9, 1985 for the
Patton Lane Office Building, a 3-story office development. Although the original subdivision
was platted in 1872, the site development permit represents the first in a series of permits for the
project. Two copies of the complete (11" x 17") plans are attached which show approvals from
the Travis County Engineer's office. Although construction was initiated and later paused due to
economic conditions, the floodplain permit does not expire. The Travis County Engineer's
Office issued a letter in 1987, indicating that a floodplain elevation certificate verifying the

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:  512 382 1017
e-mail: carlmcclendon@austin.rr.com

finished floor elevation of the building (to be constructed) had not been filed within one year of the issuance of the permit and, therefore, is a violation. (not expiration of the permit).

Construction commenced in 1985, with removal of existing homes on the site and construction of drilled pier locations for the building's foundation, as evidenced by notes from a City of Austin environmental inspector and an aerial photo in 1986, (attached).

The site included previously existing residential and commercial development from the 1950's and 1970's, which did not require City or County permits when it was constructed. All of this development was outside the City and within the County's jurisdiction, prior to the adoption of the Barton Creek and Williamson Creek Ordinances.

**Annexation to City of Austin**

The Patton Lane Office Building was under construction when the City of Austin annexed the property for full purpose on December 30, 1985, and zoned the property Single-Family-2 (SF-2).

Since the property was annexed in 1985, there have been no building permits approved or issued for the existing development. In late 2011 and early 2012, the City issued a certificate of non-compliance for existing commercial development, which is an exemption from compliance with the City's building permit process per LDC, Sec. 25-1-365.

**Continuing Progress**

The Local Government Code Chapter 245.005(a) states for permits without an expiration date and for which there is no continuing progress towards completion, a local regulatory agency may enact an ordinance, rule, or regulation that places an expiration date on a project of no earlier than the fifth anniversary of the effective date of this chapter (Sept. 1, 2005).

The landowner has continued progress toward permitting by filing and recording an amended plat on October 10, 1991, which did not change or alter any of the previous restrictions or provisions of the original subdivision. On October 10, 1991, the City rezoned the property to Commercial Services-Conditional Overlay (CS-CO), (Ord. #: 911010-B).

In 2008, the current owner filed for rezoning of the property to Commercial Services-Conditional Overlay-Neighborhood Plan (CS-CO-NP), (Ord. #: 20090115-092), which amended the site development restrictions and permitted uses on the property to be consistent with those of the originally submitted permit.

Please contact me if there are questions or further items for discussion.

Carl McClendon, AICP

cc: Mr. Charles Draper

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax:    512 382 1017
e-mail: carlmcclendon@austin.rr.com

# Development Summary
## Patton Lane Office Bldg

**12/16/1872**    Legally platted subdivision recorded for Town of Oak Hill, Lots 10 and 11 (Vol. X, Pg. 242)

**7/19/1951**    The subject property was annexed into the City's extra-territorial jurisdiction (ETJ).

**11/18/1982**    Barton Creek Ordinance passed by City Council (Ordinance No. 82-1118-N) requiring site development standards for land within the Barton Creek Watershed. Subdivisions legally platted prior to April 17, 1980, are exempted per Sec. 9-10-303(b).

**8/9/1985**    Travis County approves site development (or floodplain) permit (Case #: 85-2558) for Patton Lane Office Building and site construction commences. Foundation piers are drilled, but construction pauses due to economic conditions; aerial photo from 4/23/86 showing drilled piers is attached.

**12/30/1985**    City of Austin annexes property, and approves zoning for Single-Family-2 (SF-2).

**10/10/1991**    City of Austin approves rezoning from SF-2 to CS-CO for Lots 10 and 11, Town of Oak Hill (Case No. C14-91-0027).

**10/17/1991**    Amended plat recorded for Town of Oak Hill, Lots 10 and 11 to create Lots 10A and 11A, Town of Oak Hill, (Case #: C8-91-0039.0A).

**1/15/2009**    Based upon landowner's request for rezoning, the City of Austin revises the zoning and conditional overlay for Lots 10A and 11A, Block 1, Town of Oak Hill Amended Subdivision from CS-CO-NP to CS-CO-NP, (Case #: C14-2008-0152). The conditional overlay amendments revised the permitted uses and site restrictions on the property.

**2/16/2011**    Landowner files application for 3-story office building (Patton Lane Office Building) for Chapter 245 review and consideration.

McClendon & Associates Development Consulting, LLC
4808 Canyonwood Dr.
Austin, Tx. 78735

Phone: 512 363 8676
Fax: 512 382 1017
e-mail: carlmcclendon@austin.rr.com

*Plaintiff Supplement to the Record*

**Exhibit** ☒ # 4

# AFFIDAVIT

THE STATE OF TEXAS       §
                                §

COUNTY OF TRAVIS       §

        BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Chares N. Draper. who, being by me first duly sworn, and deposed as follows:

        "My name is Charles N. Draper. I am over the age of 21 years. I have been a licensed real estate broker with State of Texas for over 25 years. I am fully competent to make this verification. I have read the foregoing: *2013 Oxford Commercial Marketbeat Office Snapshot.* All of the information contained in the publication are within my personal knowledge, and true and correct."


_____
Charles N. Draper


SUBSCRIBED AND SWORN TO BEFORE ME on the date 8th day of February 2014

_____
Notary Public, State Texas

CARLA LIRA
My Commission Expires
December 10, 2016

# MARKETBEAT
## OFFICE SNAPSHOT



### AUSTIN, TX
A Cushman & Wakefield Alliance Research Publication

## Q4 2013



### ECONOMIC OVERVIEW

The Austin area economy performed as strongly as many economists predicted over calendar year 2013. A recent study by the Milken Institute ranks Austin as the Best-Performing City in 2013 based upon job creation, job retention and the quality of new jobs. Over 27,000 jobs were created in the Austin MSA, a growth rate of 3.3%, with continued growth projected for 2014 and beyond. The latest Bureau of Labor Statistics figures from November recorded a 4.7% unemployment rate for the Austin MSA. This was the lowest rate since September 2008 before unemployment eventually spiked to a recession high of 7.3% in December 2009. The rate of job growth in the Austin area has outpaced that of the national economy, with the national unemployment rate as high as 7.0% in November.

### MARKET OVERVIEW

The office market gained 381,961 square feet (sf) of direct absorption in Q4 2013, bringing the end-of-year total to 1.2 million square feet (msf). This marked the third consecutive year of more than 1.0 msf of absorption in the Austin market. Positive absorption over this period tightened overall occupancy levels to 89.2% in Q4 2013, the highest rate since Y2K (2000) when the market's occupancy rate reached its all-time high of 95.8%. Furthermore, overall occupancy rates exceeded pre-recession levels of 87.5% set in 2006, an impressive recovery that outpaced a majority of the nation's office markets. The Far Northwest submarket outgained all submarkets with 537,340 sf of direct absorption in 2013. The Central Business District's absorption dropped off 66.4% from 2012 numbers, ending the year with 73,119 sf of positive absorption.

Average rental rates for the overall market accelerated to an all-time high of $28.93 per square foot (psf), up 8.0% from Q4 2012. Over the last decade, rental rates climbed 60.6% from the $18.01 psf mark set in 2003, an average increase of over $1.09 psf per year.

Class A product trailed just 0.2 percentage points behind pre-recession overall occupancy levels of 89.1% set in 2006. The Central Business District's class A product was 88.1% occupied, down a slight 0.4 percentage points from Q4 2012. Class A rates increased 6.5% since Q4 2012, reaching an all-time high of $32.47 psf. The average Class A office in the CBD demanded $42.87 psf, a 5.1% increase from Q4 2012.

### OUTLOOK

Developers broke ground on 1.6 msf of office product in 2013, much of which will deliver in 2014 and bring some relief to a market approaching 90.0% occupancy overall. Expect to see office development activity remain strong with another 450,000 sf anticipated to break ground in the Southwest submarket by Q2 2014 alone. With several major tenants out in the market and current demand for over 2.0 msf of office space, developers and investors alike remain bullish on the Austin office market approaching 2014.

### STATS ON THE GO

| | Q4 2012 | Q4 2013 | Y-O-Y CHANGE | 12 MONTH FORECAST |
|---|---|---|---|---|
| Overall Vacancy | 13.2% | 10.8% | -2.4 pp | ▼ |
| Overall Asking Rents (psf/yr) | $26.79 | $28.93 | 8.0% | ▲ |
| YTD Absorption (sf) | 1,494,613 | 1,232,692 | -17.5% | ▼ |

### DIRECT GROSS RENTAL VS. VACANCY RATES



DIRECT GROSS RENTAL RATE — DIRECT VACANCY RATE

### DIRECT ABSORPTION



Oxford Commercial
200 W. Cesar Chavez, Suite 250
Austin, TX 78701
www.oxfordcommercial.com

For more information, contact:
Justin Bibb, Research Director
512 637 5515
jbibb@oxfordcommercial.com

The market terms and definitions in this report are based on NAIOP standards. No warranty or representation, express or implied, is made to the accuracy or completeness of the information contained herein, and same is submitted subject to errors, omissions, change of price, rental or other conditions, withdrawal without notice, and to any special listing conditions imposed by our principals.
© 2013 Cushman & Wakefield, Inc. All rights reserved

## AUSTIN, TX

| SUBMARKET | INVENTORY | OVERALL VACANCY RATE | DIRECT VACANCY RATE | YTD LEASING ACTIVITY | UNDER CONSTRUCTION | YTD CONSTRUCTION COMPLETIONS | YTD DIRECT NET ABSORPTION | YTD OVERALL NET ABSORPTION | OVERALL WTD AVG ALL CLASSES GROSS RENTAL RATE | DIRECT WTD AVG CLASS A GROSS RENTAL RATE |
|---|---|---|---|---|---|---|---|---|---|---|
| CBD | 8,630,127 | 11.4% | 10.9% | N/A | 812,466 | 17,470 | 73,119 | 75,677 | $39.45 | $42.87 |
| Central | 998,679 | 15.6% | 15.6% | N/A | 0 | 0 | 6,420 | (434) | $33.91 | $34.66 |
| Far Northwest | 12,276,829 | 12.6% | 11.9% | N/A | 0 | 0 | 537,340 | 465,732 | $28.15 | $28.94 |
| North Central | 2,485,635 | 13.9% | 13.9% | N/A | 361,973 | 0 | 70,487 | 70,487 | $21.30 | $25.10 |
| Northeast | 1,944,201 | 9.4% | 9.4% | N/A | 30,248 | 0 | 26,357 | 26,357 | $18.77 | N/A |
| Northwest | 3,950,337 | 8.7% | 8.1% | N/A | 220,600 | 0 | 113,195 | 86,212 | $25.03 | $28.29 |
| South Central | 2,103,594 | 2.3% | 2.1% | N/A | 0 | 0 | 72,890 | 69,256 | $23.00 | $24.00 |
| Southeast | 992,420 | 26.1% | 26.1% | N/A | 0 | 0 | (19,116) | (19,116) | $15.03 | $24.17 |
| Southwest | 9,124,743 | 7.8% | 7.3% | N/A | 214,355 | 87,461 | 311,718 | 284,656 | $30.22 | $31.81 |
| Round Rock | 1,112,135 | 13.3% | 13.1% | N/A | 0 | 0 | 40,282 | 40,193 | $21.42 | $21.72 |
| SUBURBS | 34,988,573 | 10.7% | 10.2% | N/A | 827,176 | 87,461 | 1,159,573 | 1,023,343 | $26.17 | $29.56 |
| **TOTALS** | **43,618,700** | **10.8%** | **10.4%** | **N/A** | **1,639,642** | **104,931** | **1,232,692** | **1,099,020** | **$28.93** | **$32.47** |

* RENTAL RATES REFLECT ASKING $PSF/YEAR

## MARKET HIGHLIGHTS

| Significant 2013 Lease Transactions | SUBMARKET | TENANT | BUILDING CLASS | SQUARE FEET |
|---|---|---|---|---|
| 7171 Southwest Parkway | SW | SolarWinds | A | 229,793 |
| 9505 Arboretum Blvd. | FNW | AT&T | A | 150,033 |
| 7700 Parmer Lane | FNW | Oracle | A | 66,000 |
| 11305 Four Points Drive | FNW | Zenoss | A | 43,452 |

| Significant 2013 Sale Transactions | SUBMARKET | BUYER | PURCHASE PRICE / $PSF | SQUARE FEET |
|---|---|---|---|---|
| Thomas Properties Portfolio (7 buildings) | CBD (5)/ FNW (2) | Parkway Properties | $830,384,661/ $309 | 2,687,329 |
| Brandywine Portfolio Majority Interest (11 buildings) | SW | DRA Advisors | $660,245,872/ $472 | 1,398,826 |
| AMD Lone Star Campus | SW | Spear Street Capital | $164,000,000/ $189 | 865,832 |
| Thomas Properties Suburban Portfolio (8 buildings) | NW | KBS | $75,900,000/ $145 | 523,493 |

| Significant 2013 Construction Completions | SUBMARKET | MAJOR TENANT | COMPLETION DATE | BUILDING SQUARE FEET |
|---|---|---|---|---|
| Hill Country Galleria Q | SW | Peakrock Capital | Q2 2013 | 53,453 |
| 9225 Bee Caves Road E | SW | N/A | Q4 2013 | 34,008 |
| 405 North Lamar | CBD | N/A | Q1 2013 | 17,470 |

| Significant Projects Under Construction | SUBMARKET | MAJOR TENANT | COMPLETION DATE | BUILDING SQUARE FEET |
|---|---|---|---|---|
| Colorado Tower | CBD | Dubois Bryant & Campbell; Scott Douglass & McConnico | Q3 2014 | 371,348 |
| Domain 7 | NC | N/A | Q3 2014 | 221,973 |
| Champion Office Park | NW | N/A | Q2 2014 | 220,600 |
| IBC Bank Plaza | CBD | IBC Bank; Endeavor; HFF | Q2 2014 | 194,749 |
| Seaholm | CBD | N/A | Q2 2014 | 145,138 |
| Domain 2 | NC | HomeAway | Q3 2014 | 140,000 |

* BUILDING SQUARE FOOTAGE INDICATES OFFICE SQUARE FOOTAGE ONLY

* RENEWALS NOT INCLUDED IN LEASING ACTIVITY STATISTICS

Oxford Commercial
200 W. Cesar Chavez, Suite 250
Austin, TX 78701
www.oxfordcommercial.com

For more information, contact:
Justin Bibb, Research Director
512 637 5515
jbibb@oxfordcommercial.com

The market terms and definitions in this report are based on NAIOP standards. No warranty or representation, express or implied, is made to the accuracy or completeness of the information contained herein, and same is submitted subject to errors, omissions, change of price, rental or other conditions, withdrawal without notice, and to any special listing conditions imposed by our principals.
© 2013 Cushman & Wakefield, Inc. All rights reserved

## *Plaintiff Supplement to the Record*

### Exhibit 5

# AFFIDAVIT

THE STATE OF TEXAS § 
§ 
COUNTY OF TRAVIS § 

BEFORE ME. THE UNDERSIGNED AUTHORITY. on this day personally appeared Jim Schissler. who. being by me first duly sworn. and deposed as follows:

"My name is Jim Schissler. I am over the age of 21 years. I have been a professional engineer for over 25 years. I am fully competent to make this verification. I have read the foregoing: *February 15, 2011* letter. ***Chapter 245 Determination Application for the Patton Lane Joint Venture.*** All of the information contained in the publication are within my personal knowledge. and true and correct."

_Jim Schissler_
Jim Schissler. P.E.

SUBSCRIBED AND SWORN TO BEFORE ME on the date _1 Thursday_ of _February_ . 2014

_Carl Johnson Jr_
Notary Public. State Texas



CARL BOYNTON JOHNSON, JR.
Notary Public, State of Texas
My Commission Expires
April 08, 2017



**JONES & CARTER** INC.
ENGINEERS · PLANNERS · SURVEYORS

1707 Directors Blvd, Suite 400    TEL 512 441 9493
Austin, Texas 78744-1024         FAX 512 441 9494

AUSTIN          DALLAS
HOUSTON         BRENHAM
SAN ANTONIO     ROSENBERG
COLLEGE STATION THE WOODLANDS

*Texas Board of Professional Engineers Registration No. F-439*

February 15, 2011

Ms. Susan Scallon
Planning and Development Review
505 Barton Springs Road
Austin, Texas 78705

Re:    Patton Lane Office Building
       6302 West US Hwy 290
       Austin, Texas 78735

Dear Susan:

On behalf of the owner, Charles Draper, Jones & Carter, Inc. is submitting a Site Plan Fair Notice and a H.B. 1704 Chapter 245 Determination Application for the Patton Lane Office Building project. The project is located on the northeast corner of West US Hwy 290 and Patton Ranch Road in southwest Austin. A brief history of the project is that the building was designed, the project site was cleared and construction began in 1985 with the construction of 50 building piers. Due to the economic downturn of the mid 1980's, the project was halted and the property became owned by the lending institute. At the time, the project was outside the Austin city limits, so no permit was required for the project. Attached are site plan, floor plan and utility plan for the project, a copy of an aerial photograph from February 16, 1984 showing the site, plus a copy of an aerial photograph from April 23, 1986 showing the site had been cleared, the houses and other building had been demolished and construction activity had commenced. There are currently fifty building piers that were constructed for the building foundation prior to the project being halted.

On December 30, 1985, the property was annexed into the City. Based on the fact that the project had commenced prior to annexation by the City, the project should be grandfathered to the regulations at the time construction began and can continue construction.

We appreciate your favorable review of the H.B. 1704 Chapter 245 determination. If there is additional information that you require, please contact me at (512) 441-9493.

Very truly yours,

*James M. Schissler*

James M. Schissler, P.E.

Cc:    Charles Draper, Tejas Land Company

J:/projects/A633-001/general/letter/1704 letter 021511.doc





**Other Authorities**

October 19, 2001

The Honorable Frank Madla
Chair, Committee on
   Intergovernmental Relations
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No.  JC-0425

Re: Whether real property for which an original application for a first permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time of that filing although the property has been conveyed to a different owner  (RQ-0386-JC)

Dear Senator Madla:

Section 245.002 of the Local Government Code locks in, for the duration of a real-property "project," the development regulations in effect when the original application for the first necessary permit is filed. *See* TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001); *see also Quick v. City of Austin,* 7 S.W.3d 109, 131 (Tex. 1998). Under the statutory definition of the term "project," it is irrelevant whether the owner who files the original application for the first permit retains the property for the duration of the project or conveys the property. *See* TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). You ask a question regarding a tract of land for which an owner has filed an original application for the first necessary permit.[1] If another person purchases that tract of land, you inquire, is the purchaser "entitled to the rights and benefits" that chapter 245 provides to the owner who filed the original application for the first permit, *see* Request Letter, note 1, at 1, and we thus understand you to ask whether the property remains subject to the development regulations in effect when the original application for the first permit was filed despite the conveyance. We conclude that the property remains subject to the development regulations in effect at the time the original application for the first permit was filed, but only if the project remains the same. Whether a project remains the same is a fact question, and this office cannot resolve it. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in

---

[1] *See* Letter from Honorable Frank Madla, Chair, Committee on Intergovernmental Relations, Texas Senate, to Honorable John Cornyn, Texas Attorney General (May 24, 2001) (on file with Opinion Committee) [hereinafter Request Letter].



attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

Section 245.002 of the Local Government Code specifies that a real-property "project" will be subject to the development regulations in effect when the original application for the first permit required for the project is filed:

> (a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the permit is filed.

> (b) If a series of permits is required for a project, the orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project. All permits required for the project are considered to be a single series of permits. Preliminary plans and related subdivision plats, site plans, and all other development permits for land covered by the preliminary plans or subdivision plats are considered collectively to be one series of permits for a project.

>     . . . .

TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). The terms "permit," "project," and "regulatory agency" are defined in section 245.001:

> (1) "Permit" means a license, certificate, approval, registration, consent, permit, or other form of authorization required by law, rule, regulation, order, or ordinance that a person must obtain to perform an action or initiate, continue, or complete a project for which the permit is sought.

>     . . . .

> (3) "Project" means an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor.

(4) "Regulatory agency" means the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit.

*Id.* § 245.001. Chapter 245 applies only to a project "in progress on or commenced after September 1, 1997," *see id.* § 245.003, and certain permits and regulations are exempt from the chapter, *see id.* § 245.004. In addition, a regulatory agency may, by ordinance or regulation, place an expiration date on dormant projects, after which date the project would be subject to current development regulations. *See id.* § 245.005. We understand that the property about which you are concerned is not exempt from chapter 245 and is not dormant. *See generally* Request Letter, *supra* note 1.

With respect to property for which an original application for a first permit has been filed, the property is subject to the development regulations that are effective at the time of the filing (with the exceptions listed in chapter 245 of the Local Government Code) for the duration of the project regardless of any conveyances that may occur during the project. Nothing in chapter 245 suggests that the development regulations to which a property is subject, locked in at the time of filing the original application for the first permit, no longer apply to the property solely because the property has been conveyed to another owner. Section 245.002 facially directs that a property is, for the duration of a project, subject to the development regulations in effect when the original application for the first permit was filed, without mentioning the possibility of a conveyance. *Cf. Quick*, 7 S.W.3d at 131 (examining prior statute, which "provides that if a series of permits is for a project, the ordinances in effect at the time the original application for the first permit is filed shall be the sole basis for consideration of all subsequent permits required for the completion of a project"). Additionally, the term "project," as defined in section 245.001(3), does not indicate that a project is specific to a person or terminates each time the property is sold. *See* TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). A project is an "endeavor," *see id.*, which is commonly defined as "the action of endeavouring; effort, or pains, directed to attain an object." V OXFORD ENGLISH DICTIONARY 226 (2d ed. 1989); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (requiring us to read statutory words and phrases in context and to construe them according to rules of grammar and common usage); *Thompson v. Corbin*, 137 S.W.2d 157, 159 (Tex. Civ. App.–Texarkana 1940, no writ) (defining verb "endeavor" as "to exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort") (quoting *Webster's New International Dictionary*).

Nevertheless, neither a purchaser nor an owner may alter a project without the possibility of a consequence. If a project is altered by a purchaser, for example, the development regulations are no longer locked in under chapter 245 and current development regulations apply. Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. The statute defines

"regulatory agency" as "the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit." TEX. LOC. GOV'T CODE ANN. § 245.001(4) (Vernon Supp. 2001). Nothing in chapter 245 provides any other body jurisdiction to decide such a question. *Cf. id.* § 245.005 (authorizing regulatory agency to adopt rules placing expiration date on dormant projects). Furthermore, this agency cannot determine whether a project has changed, as the question cannot be resolved without considering fact questions. Fact questions are not amenable to the opinion process. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

## S U M M A R Y

Under section 245.002 of the Local Government Code, property for which an original application for the first development permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time the application was filed for the duration of a project, regardless of any changes in ownership that may occur before the project is completed. *See* TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). If a project changes, however, the project becomes subject to current development regulations. *See id.* § 245.001(3) (defining "project"). Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. *See id.* § 245.001(4) (defining "regulatory agency").

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee



ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 10, 2012

The Honorable René O. Oliveira
Chair, Committee on Land and Resource
   Management
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0980

Re: Whether a "project duration ordinance" adopted by the City of Austin contravenes section 245.005 of the Local Government Code (RQ-1070-GA)

Dear Representative Oliveira:

You inquire about a potential conflict between the City of Austin's Project Duration Ordinance ("Ordinance") and chapter 245 of the Local Government Code.[1] You contend that the Ordinance violates chapter 245 by establishing expiration criteria for building projects that differ from the expiration criteria specified in chapter 245. Request Letter at 3–4. The Ordinance provisions about which you ask are contained in the Austin City Code as sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3).[2] See Request Letter at 3. Section 25-1-533(B) provides that:

> [i]f a building permit for a building shown on a site plan or a notice of construction expires before construction begins, the project, including the preliminary subdivision plan, expires. If all building permits are not obtained or a notice of construction is not filed within the time periods contained in . . . [section] 25-1-535 . . . , the project, including the preliminary subdivision, expires.

AUSTIN CITY CODE § 25-1-533(B). Section 25-1-535(B)(4) applies in the City's "Drinking Water Protection Zone" and provides that:

---

[1] See Letter from Honorable René Oliveira, Chair, House Comm. on Land & Res. Mgmt., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 22, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2] The City of Austin informs us that it does not enforce certain provisions of the Ordinance. See Brief from Brent D. Lloyd, Assistant City Att'y, City of Austin Law Dep't at 2 (July 30, 2012) (attaching affidavit of Greg Guernsey, Dir. of Planning & Dev. Review, which identifies provisions no longer enforced) ("City of Austin Brief"). The provisions the City asserts it still enforces are the same provisions that you specifically cite to in your request letter. Thus, we assume that you are concerned about only sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3) of the Austin City Code. See AUSTIN, TEX., AUSTIN CITY CODE ch. 25-1, art. 12, §§ 25-1-533(B), 25-1-535(B)(4), (C)(3) (2012).

> [a]n application for a project for which the first application was filed
> on or after September 6, 1997, may comply with original regulations
> if all building permits are approved and a notice of construction is
> filed within three years of the date the first application is filed.

*Id.* § 25-1-535(B)(4). Section 25-1-535(C)(3) applies in the City's "Desired Development Zone" and provides that:

> [a]n application for a project for which the first application is filed on
> or after September 6, 1997, may comply with original regulations if
> all building permits are approved and a notice of construction is filed
> within five years of the date the first application is filed.

*See id.* § 25-1-535(C)(3).[3]

Home-rule cities, such as Austin, derive their powers from the Texas Constitution. TEX. CONST. art. XI, § 5; TEX. LOC. GOV'T CODE ANN. § 51.072 (West 2008). They possess "the full power of self government and look to the Legislature not for grants of power, but only for limitations on their power." *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993).

The Texas Constitution prohibits a city ordinance from containing "any provision inconsistent with . . . the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5(a); *see also City of Fort Worth v. Atlas Enters.*, 311 S.W.2d 922, 924 (Tex. Civ. App.—Fort Worth 1958, writ ref'd n.r.e.) (discussing severability of municipal ordinances and stating that "[a] municipal ordinance may be void as to some of its provisions and valid as to others"). A court would not invalidate an ordinance as inconsistent with a statute unless the court can reach no reasonable construction that leaves both the ordinance and the statute in effect. *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). Nevertheless, "an ordinance which conflicts or is inconsistent with state legislation is impermissible." *City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 796 (Tex.), *cert. denied*, 459 U.S. 1087 (1982).

Chapter 245 of the Local Government Code is a legislative limit on cities' home-rule power to regulate construction and development within their jurisdiction. The statute "prohibit[s] land-use regulators from changing the rules governing development projects 'in the middle of the game,' thereby insulating already underway development and related investment from the vicissitudes and uncertainties of regulatory decision making and all that may influence it." *Harper Park Two, LP v. City of Austin*, 359 S.W.3d 247, 250 (Tex. App.—Austin 2011, pet. denied). Subsection 245.002(b) provides that "[i]f a series of permits is required for a project, the orders, regulations,

---

[3]The Municipal Code defines "Drinking Water Protection Zone" as "the areas within the Barton Springs Zone, the Barton Creek watershed, all water supply rural watersheds, and all water supply suburban watersheds . . . that are in the planning jurisdiction." *Id.* § 25-1-21(30). The "Desired Development Zone means the area not within the drinking water protection zone." *Id.* § 25-1-21(26).

ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.002(b) (West 2005). The effect of the statute is that "once an application for the first permit required to complete a property-development 'project' is filed with the municipality or other agency that regulates such use of the property, the agency's regulations applicable to the 'project' are effectively 'frozen' in their then-current state and the agency is prohibited from enforcing subsequent regulatory changes to further restrict the property's use." *Harper Park Two, LP*, 359 S.W.3d at 248–49.

Section 245.005, entitled "Dormant Projects," authorizes cities to enact ordinances that expire projects when "no progress has been made towards completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005); *see id.* § 245.005(c) (providing a list of factors used to determine whether progress is being made toward the completion of a project). A project's "expiration" necessarily results in the project losing the "frozen" rights granted by chapter 245. Although the Legislature has permitted cities to expire projects that meet the statutory criteria for dormancy, it has not provided any further authority under which cities may cause a project to lose the rights granted by chapter 245. As a result, any project expiration ordinance that does not comport with section 245.005's dormancy criteria conflicts with chapter 245.

Section 245.005 provides:

> Notwithstanding any other provision of this chapter, any ordinance, rule, or regulation enacted pursuant to this section shall place an expiration date on a project of no earlier than the fifth anniversary of the date the first permit application was filed for the project if no progress has been made towards completion of the project.

*Id.* § 245.005(b). Under the Ordinance, a project's expiration date could be sooner than five years after the filing of the first permit application. AUSTIN CITY CODE § 25-1-533(B). Under the statute, however, a project's expiration date must be no earlier than five years after the filing of the first permit application. TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005). Thus, the Ordinance's expiration periods conflict with those of the statute. Similarly, under the Ordinance, a project would expire if "all building permits are not obtained or a notice of construction is not filed within the time periods" established by the city. AUSTIN CITY CODE § 25-1-533(B). However, under the statute, a project may not expire unless it meets the dormancy criteria contained in section 245.005. TEX. LOC. GOV'T CODE ANN. § 245.005(c)(2) (West 2005). The failure to obtain all building permits or file a notice of construction within a time period set by the city is not one of the criteria set forth in section 245.005. Thus, the Ordinance's criteria for expiring a project conflicts with that of the statute. *See In re Sanchez*, 81 S.W.3d at 796.[4]

---

[4]Briefing we received in connection with your request argues that subsection 245.002(a)'s reference to "expiration dates" implicitly authorizes a regulatory agency to impose expiration dates on permits. *See City of Austin*

(continued...)

Accordingly, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire sooner than it would under the provisions of section 245.005 of the Local Government Code. Likewise, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire regardless of whether the project meets the section 245.005 criteria for progress towards completion of the project.[5]

---

[4](...continued)
Brief at 3; Brief from Scott N. Houston, General Counsel, Texas Municipal League at 2 (Aug. 9, 2012). No Texas court has addressed this issue, and we need not address it here. The argument is unavailing to our consideration because the Ordinance results in the expiration of projects, not permits. The rights guaranteed to projects by chapter 245 continue to apply regardless of the expiration of individual permits within a project.

[5]It has been suggested in briefing submitted to this office that, because the Ordinance became effective on September 6, 1997, it is in violation of sections 2 and 3(a) of House Bill 1704 enacted in 1999. *See* Brief from Andrew Weber, Kelly Hart & Hallman, on behalf of the Real Estate Council of Austin at 2–4 (June 29, 2012). *See also* Act of Apr. 29, 1999, 76th Leg., R.S., ch. 73, §§ 1(a), 2. 1999 Tex. Gen. Laws 431, 432, 434 (eff. May 11, 1999) (finding that former subchapter I, chapter 481 of the Government Code "was inadvertently repealed" and adding chapter 245). House Bill 1704 provides that chapter 245 applies retroactively to a "project in progress on or commenced after September 1, 1997" and that "any actions taken by a regulatory agency for the issuance of a permit, as those terms are defined by Section 245.001, Local Government Code, . . . after that repeal and before the effective date of this Act, shall not cause or require the expiration or termination of a project, permit, or series of permits to which Section 2 of this Act applies." *Id.* §§ 2, 3(a). We do not address the question because we have concluded that the Ordinance conflicts with chapter 245.

**S U M M A R Y**

A court would likely conclude that the Ordinance provisions about which you ask are void because they conflict with chapter 245 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee

## Plaintiff's Notice of Appeal
Interlocutory Orders

Filed in The District Court
of Travis County, Texas

NOV 2 0 2015

At ___3:10___ ᴐM.
Velva L. Price, District Clerk

CHARLES N. DRAPER,

Plaintiff, *Pro Se*

V.

GREG GUERNSEY,
IN HIS CAPACITY AS DIRECTOR OF
PLANNING AND DEVELOPMENT
WATERSHED PROTECTION
REVIEW DEPARTMENT,
AND CITY OF AUSTIN

Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

CAUSE NO. D-1GN-13-000778

## PLAINTIFF'S NOTICE OF APPEAL

## INTERLOCUTORY ORDERS

COMES NOW. Charles Draper and files *Plaintiff's Notice of Appeal on Interlocutory Orders*.

The Order DENYING *Plaintiff's Motion for 'No Evidence' Summary Judgment.* and Order

GRANTING *Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence.* Judge Charles Ramsay

erred in the 419th Travis County Civil Court on November 12th. 2015.

Under **TRCP Rule §168, and TRAP §29,** plaintiff formalizes *Notice of Appeal* to be sent to the

Texas' Third Court of Appeals.

### I. Rule of Law

Under **CPRC Rule §51.014(d)(1),** An interlocutory appeal from an order involving a controlling

question of law which there is substantial ground for a difference of opinion. and (2) an immediate appeal

may materially advance the ultimate termination of the litigation.

Under **TRCP §166(a), and (e).** plaintiff filed appropriate cause of action. to assist in the disposition

of the case without undue expense or burden to the parties. Agents appeared before the court for conference.

1



Plaintiff's claims are based **CPRC Rule §101.0215(29).** *Liability of a Municipality* whereby, Greg Guernsey engaged in 'proprietary'. special-authority. denied Plaintiff's valid Travis County Permit at his 'occupational discretion' and failed to perform his 'governmental-function' within the context of State law: during the scope of his employment.

Under **Chapters LGC § 245.** vested rights attach to a project once the application for the first permit required in completing the project is filed with the agency responsible for regulating the subject property. *Schumaker Enterprises. Inc. V. City of Austin.* 325 S.W.3d 812. 815 (Tex. App. –Austin 2011. no pet.). and **LGC § 43.002. Continuation of Land Use,** (a) A municipality may not. after annexing an area. prohibit a person from:( 1) continuing to use the land in the area in the manner that was being used on the date the annexation proceedings were instituted if the land use was legal at that time.

Additionally. a constitutional question arises under **Texas Constitution. Article 1, §17 (a), (160), (161)** *Physical Taking. Intent. Inverse Condemnation. Restriction of land use.*

Plaintiff contends. there is controlling question of law. misplaced in Travis County District Court 419th. which honorable Judge Charles Ramsay presided.

## II. Interlocutory Orders

On November 12. 2015. Justice Charles Ramsay issued an Order. DENYING *Plaintiff's Motion for 'No Evidence' Summary Judgment.* Justice Charles Ramsay erred in the rule of law. GRANTING *Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence.* Contrary to defendants' motion. plaintiff's evidence are self-authenticated under **Rules: §801(1)(e)(A), (B)(C)(D), §801(2), §803(14), §803(15), §803(16), and §901(b)(8).**

Having reviewed plaintiff's petition for *No Evidence Summary Judgment.* Justice Charles Ramsay provided. no Alternative Relief (as requested in plaintiff's petition). no justification. no rule of law. and no basis. no court reported testimony. or court record in support of his Order.

## III. Summary

Plaintiff, Charles Draper, sued defendants, Greg Guernsey in his official capacity as *Director of Planning and Watershed Protection Review Department*, and the City of Austin for intentional torts and failure to conduct their municipal duties under **Tex. CRPC Rule §101.0215 (29),** *Municipal Liability, Planning and Zoning*.

Repeatedly, Defendants and his staff have habitually, and intentionally, made fraudulent misrepresentations, misconstrued legislative intent, taking a "narrow view" of Chapter **Rule §245,** while ignoring **Rule §43.002.** Defendants, Greg Guernsey, and the City of Austin in their "occupational discretion failed to comply with State law, engaged in "proprietary" special authority, intentionally denied plaintiff's "vested-rights". Texas Third Court of Appeal affirmed plaintiff's previous claims, the *Texas Tort Claims Act* grants no immunity, under **Tex. CRPC §101.106(a) and (e).** *Meadours v. Ermel,* 483, F.3d (Fifth Cir.2007), *Id* at 424. (Cause No. **03-14-00265-CV**).

Defendants' actions violated plaintiff's constitutional rights, under **Texas Constitution, Article 1, §17 (a), (160), (161)** *Physical Taking, Intent, Inverse Condemnation, Restriction of land use.*

Plaintiff requests Travis District Clerk to forward the Record, Registry, and Notice of Appeal to the District Clerk's Office, Texas' Third Court of Appeals.

3

Respectfully submitted.

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
Phone: 512.699.2199
Email: cd@tejasland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2015, a true and correct copy of the foregoing *Plaintiff's Notice of ~~Appeal~~* Permission to Appeal was sent by certified mail, return receipt request to Andralee Cain Lloyd, *Austin Law Department*, City Hall, 301 West 2nd Street, P.O. Box 1546, Austin, Texas 78767-1546

Andralee Cain Lloyd, Assistant City Attorney
Law Department
City of Austin
City Hall, 301 West 2nd Street
P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2925
Fax: (512) 974-1311

4

Case:D-1-GN-13-000778 with (54) documents

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 3/4/2013 | PET-PL | ORIGINAL PETITION/ APPLICATION | PLAINTIFF'S ORIGINAL PETITION |
| 3/5/2013 | SRVPROCESS | EXE SERVICE OF CITATION | CITY OF AUSTIN |
| 3/5/2013 | SRVPROCESS | EXE SERVICE OF CITATION | GREG GUERNSEY |
| 3/7/2013 | SRVPROCESS | EXE SERVICE OF CITATION | CITY OF AUSTIN |
| 3/27/2013 | ANS-RESP | ORIGINAL ANSWER | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S ORIGINAL ANSWER |
| 4/2/2013 | ANS-RESP | AMENDED/ SUPPLEMENTED ANSWER | PLAINTIFF'S SUPPLEMENT RESPONSE TO DEFENDANT'S GREG GUERNSEY AND THE CITY OF AUSTIN'S ORIGINAL ANSWERS |
| 4/19/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION FOR COURT HEARING |
| 4/30/2013 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING |
| 5/6/2013 | OTHER | RULE 11 AGREEMENT | RULE 11 AGREEMENT |
| 5/16/2013 | ANS-RESP | SPECIAL EXCEPTIONS | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S SPECIAL EXCEPTIONS |
| 5/17/2013 | MOTION | MTN:CONTINUANCE | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S MOTION FOR CON TINUANCE OF PLAINTIFF'S HEARING ON PLAINTIFF'S ORIGINAL PETI TION, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND SUPPLEMEN |
| 5/17/2013 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S SPECIAL EXCEPTIONS |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 5/17/2013 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S MOTION FOR CONTINUANCE OF PLAINTIFF'S HEARING ON PLAINTIFF'S ORIGINAL PETITION, DECLARATORY JUDGMENT, INJUNCT |
| 5/20/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION TO QUASH DEFENDANT'S MOTION FOR CONTINUANCE OF PLAINTIFF'S ORIGINAL PETITION. DECLARATORY JUDGMENT, INJUNCTION RELIEF. AND SUPPLEMENT TO THE RECORD |
| 5/20/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION TO QUASH DEFENDANT'S MOTION FOR SPECIAL EXCEPTIONS |
| 5/30/2013 | ORD | ORD:OTHER ORDER | ORDER ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S MOTIO N FOR CONTINUANCE OF PLAINTIFF'S HEARING ON PLAINTIFF'S ORIG INAL PETITION. DECLARATORY JUDGMENT. INJUNCTIVE RELIEF. AND |
| 5/31/2013 | ANS-RESP | RESPONSE TO MOTION/PLEADING | PLAINTIFF'S RESPONSE SUPPLEMENT TO DEFENDANT'S MOTION FOR SPECIAL EXCEPTIONS |
| 6/13/2013 | ANS-RESP | OBJECTIONS | PLAINTIFF'S OBJECTIONS TO COURT ORDER'S DEFENDANT'S MOTION FOR SPECIAL EXCEPTIONS AND MOTION FOR CONTINUANCE |
| 6/18/2013 | OTHER | LETTER | FROM SANDRA KIM (ORDER FORWARDED TO 98TH FOR JUDGES SIGNATUR E) |
| 7/17/2013 | ORD | ORD:OTHER ORDER | ORDER ON DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S SPECI AL EXCEPTIONS |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 8/27/2013 | PET-PL | AMENDED PETITION | PLAINTIFF'S FIRST AMENDED PETITION |
| 10/9/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION FOR JUDGMENT ON AGREED STATEMENT OF FACTS |
| 10/9/2013 | MOTION | MTN:SUMMARY JUDGMENT | PLAINTIFF'S MOTION FOR NO EVIDENCE SUMMARY JUDGMENT |
| 10/31/2013 | MOTION | MTN:OTHER MOTION | DEFENDANTS GREG GUERNSEY AND CITY OF AUSTIN'S OBJECTION TO P LAINTIFF'S MOTION FOR JUDGMENT ON AGREED STATEMENT OF FACTS |
| 10/31/2013 | ANS-RESP | RESPONSE TO MOTION/PLEADING | CITY OF AUSTIN AND GREG GUERNSEY'S RESPONSE TO PLAINTIFF'S M OTION FOR NO-EVIDENCE SUMMARY JUDGMENT AND MOTION TO STRIKE PLAINTIFF'S NO-EVIDENCE SUMMARY JUDGMENT EVIDENCE |
| 11/4/2013 | ANS-RESP | OTHER ANSWER/ RESPONSE | PLAINTIFF'S RESPONSE TO DEFENDANTS OBJECTION PLAINTIFF'S MOT ION FOR JUDGMENT ON AGREED STATEMENT OF FACTS |
| 11/4/2013 | ANS-RESP | OTHER ANSWER/ RESPONSE | PLAINTIFF'S RESPONSE TO DEFENDANTS CITY OF AUSTIN AND GREG G UERNSEY MOTION TO STRIKE PLAINTIFFS MOTION FOR NO EVIDENCE S UMMARY |
| 11/13/2013 | ORD | ORD:DENIED MOTION/ APPLICATION | ORDER (DENIED) |
| 12/2/2013 | ANS-RESP | OBJECTIONS | PLAINTIFF'S OBJECTIONS TO JUDICIAL ORDER NO EVIDENCE SUMMARY JUDGMENT |
| 2/18/2014 | OTHER | OTHER FILING | PLAINTIFF'S SUPPLEMENT TO THE RECORD AFFIDAVITS OF EVEIDENCE |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 3/26/2014 | MOTION | MTN:DISMISS/ NONSUIT | CITY OF AUSTIN AND GREG GUERNSEY'S MOTION TO DISMISS PURSUAN T TO TEX.CIV.PRAC.& REM. CODE 101.106(a) AND (e) |
| 3/26/2014 | MOTION | MTN:DISMISS/ NONSUIT | CITY OF AUSTIN AND GREG GUERNSEYS MOTION TO DISMISS PURSUANT TO TEX CIV PRAC & REM CODE 101.106(A)AND(E) |
| 3/28/2014 | NOTICE | NTC:HEARING/ SETTING | NOTICE OF HEARING ON THE CITU OF AUSTIN AND GREG GUERNSEY'S MOTION TO DISMISS PURSUANT TO TEX.CIV.PRAC. & REM.CODE 101.106(A) AND (E) |
| 4/2/2014 | ANS-RESP | RESPONSE TO MOTION/PLEADING | PLAINTIFFS RESPONSE TO CITY OF AUSTIN GREG GUERNSEYS MOTION TO DISMISS PURSUANT TO TEX CIV PRAC & REM CODE 101.105 (A) AND (E) |
| 4/10/2014 | ANS-RESP | RESPONSE TO MOTION/PLEADING | CITY OF AUSTIN AND GREG GUERNSRY'S REPLY TO PLAINTIFF'S RESP ONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO TEX.CIV. PRAC. & REM. CODE 101.106(a)AND(e) |
| 4/16/2014 | ORD | ORD:NTC/ORD DISMISSAL/NONSUIT | ORDER GRANTING CITY OF AUSTIN AND GREG GUERNSEY'S MOTION TO DISMISS PURSUANT TO TEX. CIV. PRAC. & REM. CODE 101.106 (a) AND (e) |
| 4/21/2014 | OTHER | FORM | TEXAS RULES OF APPELLATE PROCEDURE RULE 13.5 (A,B,C) |
| 4/22/2014 | NOTICE | NTC:NOTICE OF APPEAL | PLAINTIFF'S NOTICE OF APPEAL INTERLOCUTORY ORDERS |
| 4/30/2014 | OTHER | LETTER | LETTER FROM COURT OF APPEALS |
| 5/6/2014 | OTHER | LETTER | LETTER REQUESTING REPORTERS RECORD |

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 5/7/2014 | OTHER | DESIGNATION CLERKS RECORD | PLAINTIFF'S REQUEST TO FORWARD THE RECORD |
| 5/8/2014 | OTHER | DESIGNATION CLERKS RECORD | PLAINTIFF'S REQUEST TO FORWARD THE RECORD |
| 5/20/2014 | OTHER | OTHER FILING | COPY OF BILL OF COST FOR CLERK'S RECORD |
| 5/29/2014 | CV MISCELLANE OUS | CLERKS RECORD | CLERK'S RECORD |
| 5/30/2014 | OTHER | LETTER | LETTER FROM COURT OF APPEALS |
| 2/25/2015 | ORD | ORD:OTHER ORDER | MEMORANDUM OPINION AND JUDGMENT |
| 10/15/2015 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT |
| 10/15/2015 | ORD | ORD:MANDATE | MANDATE |
| 10/21/2015 | NOTICE | NTC:ATTORNEY/ COUNSEL | DEFENDANT'S NOTICE OF SUBSTITUTION OF COUNSEL AND DESIGNATIO N OF ATTORNEY IN CHARGE |
| 11/3/2015 | ANS-RESP | OTHER ANSWER/ RESPONSE | DEFENDANTS RESPONSE TO PLAINTIFFS NO-EVIDENCE MOTION FOR SUM MARY JUDGMENT(WITH ORDER FORWARDED TO CLERK OF THE 419TH COU RT) |
| 11/12/2015 | ORD | ORD:OTHER ORDER | ORDER DENYING PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUD GMENT AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE |
| 11/12/2015 | ORD | ORD:OTHER ORDER | ORDER DENYING PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUD GMENT AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE |

5

| FILED DATE | CATEGORY | DESCRIPTION | ADDITIONAL INFO |
|---|---|---|---|
| 11/20/2015 | NOTICE | NTC:NOTICE OF APPEAL | PLAINTIFF'S NOTICE OF APPEAL INTERLOCUTORY ORDERS |
| 11/20/2015 | NOTICE | NTC:NOTICE OF APPEAL | PLAINTIFF'S NOTICE OF APPEAL INTERLOCUTORY ORDERS |